## STATE v. NUTE.

An indictment will not lie for fraudulently concealing money alleged to have been embezzled by the defendant.

INDICTMENT, charging that the defendant, on the 12th day of May, 1868, being then treasurer of the county of Carroll, did embezzle and fraudulently convert to his own use $850 of the money of said county, &c.; also, in another count, that, on the first day of April, 1884, the defendant did fraudulently have in his possession, and did fraudulently conceal, $850, which, on the 12th day of May, 1868, he had, by virtue of his office as treasurer of said county, taken into his possession, embezzled, and converted to his own use, &c.   It was admitted that all the time since May 12, 1868, the defendant has been usually and publicly resident within this state. The state offered to prove that the defendant fraudulently concealed his alleged embezzlement so that no knowledge thereof came to the officers of the county, or to the public prosecutor, until after the report of an investigating committee made to the legislature in 1883.   The defendant moved that the indictment be quashed.

*J. B. Nash*, Solicitor, and *W. L. Foster*, for the state.

*S. D. Quarles*, for the defendant.

ALLEN, J.   The first count in the indictment charges embezzlement on the 12th day of May, 1868.   This is among the crimes for which the statute requires indictments to be found within six years after the commission of the offence.   G. L., *c.* 260, *s.* 8.   The only exception in the statute is that of the defendant's want of usual and public residence within the state during the time the statute would otherwise run, and the state concedes that the case is not within this exception.   Upon the face of the indictment, the prosecution upon the first count is barred by the statute of limitations. *State* v. *Robinson,* 29 N. H. 274; *State* v. *Hunkins,* 43 N. H. 557; *State* v. *Nashua & Lowell R. R.,* 58 N. H. 182.

The state claims that the fraudulent concealment of his crime by the defendant interrupted the bar of the statute, and left the state at liberty to prosecute the offence at any time within six years after the offence became known.   In civil procedure the fraudulent concealment of the cause of action takes the case out of the operation of the statute, and prevents the erection of the bar of limitation until the cause of action is known.   *Way* v. *Cutting,* 20 N. H. 187; *Douglas* v. *Elkins,* 28 N. H. 26, 32; *Quimby* v. *Blackey, ante* 77.   This exception does not appear to have been made in criminal procedure.   Every offender not confessing his crime naturally conceals it from the public, and the exception, if applied in criminal causes, might be made in every case where the criminal has hidden his guilt and eluded the vigilance of the state until after the lapse of the statute period of limitation.   No man is bound in law to furnish evidence to convict himself of crime, and his refusal to reveal the facts of the crime, which must be a concealment, cannot take away from him the benefit of the limitation which the statute has given him.   The limitation in the statute is definite and explicit.   The legislature having made one exception, and only one, could not have intended another without expressing it.   The reasons for the exception of fraudulent concealment in civil procedure, that an action cannot be said to accrue until the plaintiff by reasonable diligence may know the cause, and that no man shall be permitted to have a defence springing from his own wrong, do not apply to criminal causes in which the course of procedure, including the limitations upon prosecution, is explicitly defined.   The fraudulent concealment of the crime of the defendant is not an exception to the statute, and the prosecution upon the first count in the indictment is barred by lapse of time.

The second and third counts allege the fraudulent possession and fraudulent concealment of the money, on the 1st day of April, 1884, embezzled by the defendant in 1868.   These are not averments of an embezzlement or conversion of the money to the defendant's use in 1884.   The crime may be continuous, or repeated from day to day, so long as the offender retains and conceals the embezzled money, as larceny may continue so long as the thief retains the

stolen goods. 1 Hale P. C. 507; 1 Hawk. P. C., *c.* 53, *s.* 52; 2 East P. C. 771; *State* v. *Somerville*, 21 Me. 14; *Com.* v. *Cullins*, 1 Mass. 116; *Com.* v. *Andrews*, 2 Mass. 14. There is no charge of a fraudulent conversion of the money in these counts within a period of six years. If such a charge were intended by the allegation of fraudulent possession and fraudulent concealment, the allegation is argumentative, and the crime is to be inferred. The averment is insufficient to charge the crime of embezzlement, nor is the fraudulent possession and fraudulent concealment of money before embezzled by the defendant an offence within the meaning of Gen. Laws, *c.* 278, *s.* 13, defining the crime of receiving or concealing stolen property, knowing the same to have been stolen. If the description of the offence in the second and third counts were otherwise sufficient, no certain allegation of the ownership of the money concealed or embezzled is found there; and this objection is fatal to those counts.

*Indictment quashed.*

CARPENTER, J., did not sit: the others concurred.