Strafford, April 6, 1943. } No. 3394.

## STATE v. JOHN A. WILLIAMS.

*Stephen M. Wheeler,* Acting Attorney-General, and *John F. Beamis, Jr.,* County Solicitor (*Mr. Wheeler* orally), for the State.

*Samuel A. Margolis* (by brief and orally), for the defendant.

ALLEN, C. J. The statute (P. L., *c.* 367, *s.* 13; R. L., *c.* 427, *s.* 13) relied upon by the defendant provides time limits for finding informations and indictments. The limits are extended by this clause: "but the time during which the party charged was not usually and publicly resident within this state shall not be reckoned as part of the time aforesaid." The time limit for an offense such as is charged against the defendant is six years.

The defendant takes the position that the clause above quoted is applicable only to residents of the State, arguing that the word "usually" implies local residence which may be interrupted. In other words, when residence is not usual, it must be predicated upon local residence as a departure from it.

Common-law bars to indictments and prosecutions for crime by

reason of delay in finding and advancing them have never existed. They have been set up only by legislation. If delay as a hardship to the accused is not also a disadvantage to the State, the common law has declared no policy of regulation in establishing limits. All felonies are statutory, the punishments and penalties for them are statutory, and the courts may only pass upon the validity and effect of the legislation. Even in the view that a statute may become adopted as a part of the common law, the present day judicial attitude is to apply common-law rules only in ascertainment of its meaning, and not to modify it. Especially when a statute enters a field unoccupied by the common law, that law, except for its general principles of construction, rarely aids in determining the scope, effect and application of the statute.

If the rule that doubts are to be resolved in favor of the accused remains extended to statutory construction (*State v. Barter*, 58 N. H. 604, 607), it is not to be employed to defeat or interfere with the legislative direction. Ascertainment of the direction is controlling in construing legislation pertaining to crime as well as upon other subjects. "What did the words mean to those who used them?" *State v. Downes*, 79 N. H. 505, 506. Legislation making conduct a public offense is in exercise of the policy to promote the general welfare. Its scope is not to be extended beyond its fair import and its fair import is not to be modified by favor to the accused. He is entitled to the benefit of a doubt only when it is so serious and substantial as to make it fairly uncertain what the meaning of the statute is.

Thus construed, the statute here examined erects no bar as contended by the defendant. The legislative thought and will was broadly that absence from the State beyond occasional absences of temporary duration should not be reckoned in the running of the prescribed period. Usual residence refers to manner of residence rather than its place (*Commonwealth v. Weber*, 259 Pa. St. 592), in conjunction with publicity of residence which refers to its openness. The time runs only during usual and public local residence, and a non-resident obviously cannot claim it. "The only exception in the statute is that of the defendant's want of usual and public residence within the state during the time the statute would otherwise run, . . ." *State v. Nute*, 63 N. H. 79, 80. A purpose that absence of a resident should not be counted while that of a non-resident should be, presupposes a purpose of discrimination in favor of the latter. It is not to be attributed to the legislature. And grace or benefit for

the nonresident not extended to the resident is a result not to be achieved by judicial declaration of a purpose not clearly implicit in the statute.

Insufficiency of the indictment is claimed on the ground that it does not set forth that it is not barred. As a ground not presented to the trial court, it has not been transferred either with or without ruling, and it is therefore not presented for decision. *Larkin* v. *Alley,* 86 N. H. 385, and cases cited; *Palmer* v. *Edgerly,* 87 N. H. 391, 392; *Bullard* v. *McCarthy,* 89 N. H. 158, 160. Moreover, although counsel have argued it and while liberality of amendment has been widely given to further expedition of litigation (*Lisbon District* v. *Lisbon,* 85 N. H. 173, 174; *Lefevre* v. *Healy, ante,* 162; *General &c. Corp.* v. *Lantz, ante* 293; *Dube* v. *Robinson, ante,* 312) the transfer is by a bill of exceptions and the bill is not open to amendment (*Schofield* v. *Company,* 90 N. H. 31, 34, 35, and cases cited). Neither waiver nor consent can confer non-existent jurisdiction. *Klein & Sons Co.* v. *Bronstein,* 91 N. H. 42, 43; *Keenan* v. *Tonry,* 91 N. H. 220, 222. Any views expressed would have no authority beyond *dictum.*

*Exception overruled.*

All concurred.