[No. 2909–3.   Division Three.   September 25, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. JESSE
F. MADERA, *Appellant.*

*Jeffrey H. Hartje,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *C. Mark Casey, Deputy,* for respondent.

ROE, J.—Jesse F. Madera appeals from a conviction of two counts of delivery of a controlled substance (marijuana).

His attorney, pursuant to *Anders v. California,* 386 U.S. 738, 744, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), has filed a brief and a motion to withdraw as counsel on the ground he could not find a good faith argument for review. Mr. Madera has been given ample time within which to file a pro se supplemental brief, but he has failed to do so.

On May 25 and 26, 1977, Mr. Madera allegedly delivered to two police undercover officers 12 and 8 grams, respectively, of marijuana. Six months later, on November 30, 1977, he was arrested on a complaint issued the previous day. He was convicted by a jury of two counts of delivery of a controlled substance, and on April 10, 1978, was sentenced to 3 years' probation.

Mr. Madera's counsel suggests the 6–month delay between the sale and the charge was prejudicial because it caused Mr. Madera's memory to dim and made a witness unavailable for trial.

A preaccusatorial delay does not violate the Sixth Amendment, *United States v. Marion,* 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971), but it may constitute a violation of due process under the Fifth Amendment if the prejudice to the defendant outweighs the reasons for the prosecutorial delay or the delay is caused by the prosecutor solely to gain a tactical advantage over the defendant. *United States v. Lovasco,* 431 U.S. 783, 52 L. Ed. 2d 752, 97 S. Ct. 2044 (1977). *See also State v. Haga,* 8 Wn. App. 481, 507 P.2d 159 (1973). *Cf. State v. Herr,* 70 Wn.2d 446, 423 P.2d 631 (1967).

Although there is nothing by way of evidence in the record to establish the reason for the delay in charging Mr. Madera, here, as in *Lovasco,* the prosecutor has intimated in his brief that the reason for the delay was to avoid disruption of an ongoing investigation by the undercover agents who effectuated Mr. Madera's arrest. In addition, in a pretrial conference on a motion to dismiss because of the

preaccusatorial delay, Mr. Madera's counsel admitted that the delay was due to the investigation. Furthermore, a review of the record indicates Mr. Madera clearly recalled selling marijuana to the undercover agents, and the allegedly missing witness was another person to whom Mr. Madera was said to have sold marijuana. There is no showing that the witness was missing because of the lapse of time between the incident and Mr. Madera's arrest. Therefore, the court did not err in denying Mr. Madera's motion to dismiss for undue preaccusatorial delay.

Mr. Madera's counsel also contends the court erred in admitting the testimony of a Spokane police detective who tested the substances sold by Mr. Madera and found them to contain marijuana. The officer did not have an independent recollection of the tests he performed or their results, so he testified from reports he made immediately following the tests. The court did not err in admitting such testimony because of the officer's lack of independent recollection and the proximity of the reports to the events they recorded. Admission of such testimony under the "past recollection recorded" rule was proper. *See State v. Benson,* 58 Wn.2d 490, 495, 364 P.2d 220 (1961); *State v. Little,* 57 Wn.2d 516, 519–20, 358 P.2d 120 (1961); *Miesen v. Insurance Co. of North America,* 1 Wn. App. 185, 188, 460 P.2d 292 (1969).

Finally, Mr. Madera's counsel contends the court erred in admitting testimony by an undercover agent that he witnessed another alleged sale of marijuana by Mr. Madera to the allegedly missing witness. He contends the testimony was not related to the crimes with which he was charged and the alleged purchaser, who was the only other witness to the described transaction, was not available to testify. Mr. Madera asserts the agent's testimony was highly prejudicial.

Evidence of a defendant's commission of collateral criminal acts is admissible to show (1) motive or intent, (2) the absence of accident or mistake, (3) a common

scheme or plan, (4) identity, or (5) if the evidence is relevant to any material issue before the jury or tends to prove some essential ingredient of the crime charged in the information. *See State v. Stirgus,* 21 Wn. App. 627, 586 P.2d 532 (1978). Here, the evidence of a prior sale of alleged marijuana to another person would tend to show Mr. Madera's motive or intent and the absence of an accident or mistake. Both would contradict his defense that he was coerced into making the sales.

We have reviewed the remainder of the record on appeal to determine if it is frivolous, and we find that it is. Therefore, the judgment of the Superior Court is affirmed.

MUNSON and McINTURFF, JJ., concur.