[No. 5395–4–III.   Division Three.   January 19, 1984.]

THE STATE OF WASHINGTON, *Appellant,* v. JAMES
ROBERT ANSELL, *Respondent.*

*Judith L. McCauley, Prosecuting Attorney,* and *Mark J. Davis, Deputy,* for appellant.

*Kelly Hancock* and *Hancock, Rawson & Sloan, Inc.,* for respondent.

THOMPSON, J.—The State appeals from an order dismissing first degree statutory rape charges against James Robert Ansell. The State contends: (1) Ansell was not "usually and publicly resident within this state" for most of the time since the crime; therefore, the statute of limitation was tolled; (2) the findings regarding Ansell's availability for prosecution are irrelevant and prejudicial; and (3) the finding that the delay in charging would be detrimental to Ansell's ability to defend himself is not supported by the evidence. We agree the statute of limitation was tolled during Ansell's absence from Washington and that there is insufficient evidence to support the trial court's finding of prejudicial delay. We therefore reverse and remand for trial.

Because time is critical, the facts are presented chronologically:

August to October 1978: Ansell allegedly commits first degree statutory rape of a 6–year–old girl in Douglas County, Washington.

January to October 1979: Ansell is living in Iowa and Colorado. He then returns to Washington.

April 1980: Ansell moves to Barrow, Alaska.

April 1981: The alleged victim reports the rapes to her mother. The mother calls Children's Protective Services in Olympia (the family is now living in Western Washington), who tell her to call DSHS in Alaska. Officer Christensen questions Ansell in Barrow. Christensen is with the North Slope Borough Department of Public Safety.

February 1982: The victim's mother calls Officer Christensen for an update on Ansell. Christensen suggests she call a prosecutor. The Olympia prosecutor's office tells her it does not take this kind of complaint and refers her to various offices; finally, Elma DSHS tells her to call the prosecutor of the county where it happened.

February 17, 1982: The victim's mother files a crime report with the Bridgeport (Douglas County) police.

March 30, 1982: The criminal information, motion for warrant and affidavit are filed in Douglas County and an

arrest warrant issued.

April 1982: Ansell is arrested in Barrow on April 8 and arraigned in Douglas County on April 15.

The post office received Ansell's forwarding address with every move. He lived in the same house the entire time he lived in Barrow and had steady employment. Officer Christensen did not have any difficulty finding Ansell when he questioned him in 1981. Ansell was living openly and was available for prosecution at all times.

The State first contends the trial court erroneously interpreted the applicable statute of limitation.[1] The State concedes charges were not filed until after the 3–year limitation period then in effect had expired, but argues Ansell's mere absence from Washington tolled the statute.

The statute of limitation, RCW 9A.04.080, is tolled during the time the person charged is "not usually and publicly resident within this state". No Washington case addresses the meaning of this tolling provision. We therefore look to other jurisdictions.

Most courts which have considered this issue have held "not usually and publicly resident" to simply mean "absent", without regard to whether a defendant was concealing himself or fleeing from justice. In a leading case, *People v. Carman,* 385 Ill. 23, 52 N.E.2d 197 (1943), the issue was whether defendant was "not usually and publicly resident" within Illinois during the time he was imprisoned in Missouri. The court held any determination of defendant's *legal residence* to be immaterial to his *residence* for purposes of the statute of limitations. It stated the statutory language was "too clear to admit of construction", and

---

[1] In 1978, RCW 9A.04.080 provided in pertinent part:

"Prosecutions . . . may be commenced . . . for all other offenses the punishment of which may be imprisonment in a state correctional institution, within three years after their commission; . . . PROVIDED, That any length of time during which the party charged was not usually and publicly resident within this state shall not be reckoned within the . . . three . . . years . . ." (Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.04.080, p. 823.)

The current version of RCW 9A.04.080 retains this tolling provision. Laws of 1982, ch. 129, § 1, p. 559.

to construe the statute to mean *legal residence* "would do violence to all recognized rules of construction". *People v. Carman,* at 29. It therefore gave the words "usually and publicly resident" their ordinary dictionary definitions.

Applying those definitions to the facts, the *Carman* court held defendant was not "usually and publicly resident" at the address he claimed as his legal residence.

> If we assume that some address in Chicago constituted his technical legal residence, to which he intended to return after his release, by no stretch of imagination can it be said that he was usually resident at that address during the time here involved. . . .
>
> It is equally clear that he was not publicly resident within the State. His connection, if any, with the place which he now claims as his legal residence, was not open to the knowledge or general view of all. He was not generally seen, known or heard in or about that place. He was not there engaged in any activities which were carried on before the public. At no time, during the period here material, was he there at all.
>
> Clearly, his connection with the place which he now asserts was his technical legal residence was not sufficient to show that he was usually and publicly resident within the State of Illinois. He, in no sense, was an inhabitant, occupant or dweller therein. Consequently, he does not, and cannot, point out a single element or requirement necessary to exempt him from the operation of the statute.

*People v. Carman,* at 28. The court emphasized the statute was based solely upon defendant's absence from the state, voluntary or involuntary. The statute was therefore tolled while defendant was incarcerated elsewhere.

Other courts have agreed that mere absence, regardless of intent to evade justice, is enough to toll a statute of limitation similar to Washington's. *E.g., Grayer v. State,* 234 Ark. 548, 353 S.W.2d 148 (1962); *Scherling v. Superior Court,* 22 Cal. 3d 493, 585 P.2d 219, 149 Cal. Rptr. 597 (1978); *State v. Wyman,* 198 Kan. 666, 426 P.2d 26 (1967); *Couture v. Commonwealth,* 338 Mass. 31, 153 N.E.2d 625 (1958); *State v. Williams,* 92 N.H. 377, 31 A.2d 369 (1943); *Traxler v.*

*State,* 96 Okla. Crim. 231, 251 P.2d 815 (1953). Under such a statute, the State does not have a duty to bring extradition proceedings when it learns of defendant's whereabouts. *Kubus v. Swenson,* 242 Minn. 425, 65 N.W.2d 177 (1954).

On the other hand, a few courts have held "absence" to mean "absenting" with an intent to conceal one's whereabouts. *E.g., United States v. Beard,* 118 F. Supp. 297 (D. Md. 1954); *State v. Clemens,* 40 Mont. 567, 107 P. 896 (1910); *People v. Guariglia,* 187 Misc. 843, 65 N.Y.S.2d 96 (1946), *aff'd,* 272 A.D. 784, 69 N.Y.S.2d 759 (1947).

We believe the majority rule is the better reasoned rule. Ansell's mere absence from Washington was enough to toll the statute. The trial court erred in holding RCW 9A.04.080 had run because Ansell was at all times available for prosecution.

■ Ansell contends the information is void on its face because it does not allege facts tolling the statute of limitation. We consider this issue, even though raised for the first time on appeal. The statute of limitation is jurisdictional. *State v. Eppens,* 30 Wn. App. 119, 633 P.2d 92 (1981); RAP 2.5(a).

Assuming arguendo this information is deficient, it may be amended if Ansell is not prejudiced. CrR 2.1(d). Allegations in the affidavit accompanying the motion for a warrant placed Ansell on notice of the tolling facts on which the State was relying. Ansell's extensive testimony about his whereabouts shows he was aware of these facts. Amendment on remand was sanctioned in a similar situation in *People v. Chadd,* 28 Cal. 3d 739, 621 P.2d 837, 170 Cal. Rptr. 798, *cert. denied,* 452 U.S. 931, 69 L. Ed. 2d 431, 101 S. Ct. 3066 (1981).

The State next contends the trial court's findings of fact regarding Ansell's availability for prosecution are irrelevant and therefore prejudicial. We need not address this issue in light of our holding that mere absence from Washington tolls the statute of limitation.

■ Lastly, the State challenges the sufficiency of the evidence to support the trial court's finding that Ansell was

prejudiced by the delay in charging. Precharging delay is tested under the due process clause. *United States v. Mac-Donald,* 456 U.S. 1, 71 L. Ed. 2d 696, 102 S. Ct. 1497 (1982); *United States v. Marion,* 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971); *State v. Madera,* 24 Wn. App. 354, 600 P.2d 1303 (1979); *State v. Haga,* 13 Wn. App. 630, 536 P.2d 648 (1975) (*Haga* II), *cert. denied,* 425 U.S. 959, 48 L. Ed. 2d 204, 96 S. Ct. 1740 (1976); *State v. Haga,* 8 Wn. App. 481, 507 P.2d 159 (1973) (*Haga* I).

The accused must specifically demonstrate actual prejudice to his defense from the delay. *Haga* I. The prejudice shown must be sufficient to overcome the legislative intent to prosecute the crime as evidenced by the absence of a statute of limitation. *Haga* I.[2] A defendant's claim of actual prejudice can best be evaluated by the trial judge. *Haga* II.

> To accommodate the sound administration of justice to the rights of the defendant to a fair trial will necessarily involve a delicate judgment based on the circumstances of each case.

*Haga* II, at 633 (quoting from *United States v. Marion, supra* at 325).

Ansell advances the following evidence in support of the finding of prejudice: (a) the alleged victim's competency should be tested from the time of the alleged offense, which is impossible after so much time has elapsed; (b) Ansell would need to resurrect certain work records to determine where he was on certain days several years before; (c) witnesses are gone; (d) the trailer home where one of the incidents allegedly occurred has been moved; (e) memories have dimmed. We will consider each item in detail.

The test of a young child's competency as a witness includes the mental capacity at the time of the occurrence to receive a just impression of it and memory sufficient to retain an independent recollection of it. *State v. Allen,* 70

---

[2]In the *Haga* cases, there was no statute of limitation because defendant was charged with murder; here, there was essentially no statute of limitation while Ansell was out of state.

Wn.2d 690, 692, 424 P.2d 1021 (1967); *State v. Woodward,* 32 Wn. App. 204, 207, 646 P.2d 135 (1982); *see also* CrR 6.12(c). A competency determination is a matter for the sound discretion of the trial court. *State v. Allen, supra; State v. Woodward, supra.* Here, the trial court did not rule on the defendant's motion to exclude the alleged victim's testimony. A discretionary ruling on the child's competency should be made on remand.

Ansell claims prejudice in needing to resurrect work records showing where he was on certain dates. Former employers are included on his witness list. He indicates they can testify as to his working hours. There is no evidence of prejudice here.

Ansell claims witnesses are gone, but he does not specify which witnesses on his list of 19, if any, are unavailable to testify. Ansell has not proven prejudice.

There is likewise no evidence Ansell has been prejudiced by the trailer's absence. Only one of the four alleged incidents took place in the trailer home, and the victim is not sure if that incident happened in the trailer or at the Ansells' apartment. The moving of the specific trailer home is not a critical evidentiary problem. Witnesses with personal knowledge can testify to the trailer's floor plan if that is an issue. ER 602.

Ansell contends the passing of time has dimmed memories and is a cause of prejudice. But delay could weaken the State's case as well. *United States v. Marion,* 404 U.S. at 322. This is particularly true where the evidence on both sides is essentially circumstantial. *Haga* II, at 634. The United States Supreme Court held in *United States v. Marion,* at 325–26:

> Appellees rely solely on the real possibility of prejudice inherent in any extended delay: that memories will dim, witnesses become inaccessible, and evidence be lost. In light of the applicable statute of limitations, however, these possibilities are not in themselves enough to demonstrate that appellees cannot receive a fair trial and to therefore justify the dismissal of the indictment. Events of the trial may demonstrate actual prejudice, but at the

present time appellees' due process claims are speculative and premature.

The possibility that memories will dim is not in itself enough to demonstrate Ansell could not receive a fair trial.

While the trial court's decision finding prejudicial delay should be given great weight, there is not sufficient evidence in the record to support it. Ansell may present additional evidence of prejudice on remand.

Ansell contends he has been denied his Sixth Amendment right to a speedy trial. However, the right to a speedy trial does not accrue before prosecution commences. *United States v. MacDonald, supra; United States v. Marion, supra.* Preaccusation delay is tested under the due process clause. *United States v. Marion, supra; Haga* I.

Reversed.

GREEN, A.C.J., and McINTURFF, J., concur.

Review denied by Supreme Court March 9, 1984.