1 P.3d 1176 (2000)
100 Wash.App. 828
STATE of Washington, Respondent,
v.
Kimberlee Ann McDONALD, Appellant.
No. 42359-2-I.
Court of Appeals of Washington, Division 1.
May 15, 2000.
*1177 James E. Lobsenz, Carney Badley Smith & Spellman, Seattle, WA, for Appellant.
Scott A. Peterson, Prosecuting Atty, King County Prosecutor/Appellate Unit Seattle, WA, for Respondent.
COX, J.
At issue is whether the trial court should have dismissed felony theft charges against Kimberlee McDonald that the State filed almost six and one-half years after the last of the alleged offenses occurred. The applicable statute of limitation is three years, exclusive of applicable periods of tolling.[1] Because the tolling provision of RCW 9A.04.080 does not violate the commerce clause of the federal constitution, we affirm.
McDonald was admitted to practice law in Washington State in 1981. In December 1990, she stipulated with the Washington State Bar Association that she had misappropriated client trust funds. The Bar immediately suspended her from practice. Two years later, our Supreme Court disbarred her.
Immediately after her 1990 suspension from the practice of law, McDonald moved to the state of New York. She did not conceal herself there. McDonald left her forwarding address with the postal service in Seattle and continued to receive mail in New York from the Washington State Bar Association. She also received mail there from her former clients and other creditors seeking payment. While living in New York, she visited Seattle several times each year to visit her parents and for activities related to her employment with the National Audubon Society.
In August 1993, the U.S. Attorney indicted McDonald on seven counts of bank fraud and four counts of mail fraud.[2] All charges were based on McDonald's misappropriation of client funds in Washington during 1989 and 1990. Because McDonald was then a resident of New York, the case was transferred to the U.S. District Court for the Southern District of New York.
In January 1994, McDonald pled guilty to one count of bank fraud, and the court dismissed the remaining charges. The court sentenced her to a four-year period of supervised probation, a downward departure from the standard sentencing range of 21 to 27 months in prison.
In May 1995, McDonald earned her master's degree from Yale. She moved back to Seattle that fall and enrolled in a Ph.D. program at the University of Washington.
In April 1997, the King County Prosecutor filed the charges that are the subject of this appeal.[3] McDonald unsuccessfully moved to dismiss the charges. At the conclusion of *1178 a bench trial, the court found her guilty, as charged, and imposed a sentence of 14 months in prison for two of the counts and 22 months for the remaining four counts. The sentences are to be served concurrently.
McDonald appeals.

Commerce Clause
McDonald claims that the tolling provision of RCW 9A.04.080(2) subjected her to perpetual liability for the felony theft charges and violates the commerce clause of the federal constitution. We hold that McDonald has failed to prove beyond a reasonable doubt that the tolling statute is unconstitutional.
We do not construe a statute that is unambiguous.[4] We assume that the Legislature means exactly what it says.[5] A statute is presumed to be constitutional, and the party attacking it has the heavy burden of proving its unconstitutionality beyond a reasonable doubt.[6] The constitutionality of a statute is a question of law that we review de novo.[7]
The provisions of the statute that were applicable when the State filed the charges against McDonald, former RCW 9A.04.080, provided as follows:
(1) Prosecutions for criminal offenses shall not be commenced after the periods prescribed in this section.
. . .
(g) No other felony may be prosecuted more than three years after its commission....
(2) The periods of limitation prescribed in subsection (1) of this section do not run during any time when the person charged is not usually and publicly resident within this state.[8]
We first note that the tolling provisions of subsection (2) of the statute have been the subject of two published opinions. In State v. Ansell,[9] Division III of this court held that RCW 9A.04.080(2) was unambiguous. Relying on a leading Illinois case, People v. Carman,[10] the court concluded that `not usually and publicly resident' within the Washington statute simply means `absent' from this state.[11] There, the statute of limitation for statutory rape was tolled while Ansell lived outside the state. This was so despite the fact that he did not conceal himself while out of state. In State v. Newcomer,[12] Division III held that the statute of limitation was tolled while Newcomer was incarcerated outside of Washington. Although Newcomer was `available' for prosecution in Washington under extradition provisions of the Interstate Agreement on Detainers, that was irrelevant for purposes of the plain wording of the tolling provision in the limitation statute. Newcomer was `not usually and publicly resident within [Washington],' and that is all that is required for tolling the statute of limitation under RCW 9A.04.080(2).
This case is indistinguishable from Ansell and Newcomer for purposes of construing the tolling provision of the statute. McDonald was absent from Washington during the period in question. It makes no difference whether she was hiding or whether there were available mechanisms for returning her to this state. There is no other reasonable reading of the plain wording of the tolling provision of RCW 9A.04.080(2).
Relying primarily on Bendix Autolite Corp. v. Midwesco Enterprises, Inc.,[13] McDonald attempts to avoid the construction of the tolling provision stated in Ansell and *1179 Newcomer. She argues that such a rule violates the commerce clause of the United States Constitution.[14] More specifically, she contends the tolling provision burdens interstate commerce because it requires her to either remain in Washington, forfeiting job and educational opportunities elsewhere, or be perpetually subject to criminal charges here if she leaves the state. That argument is untenable, and we reject it.
In Bendix, the Supreme Court considered whether a tolling provision in an Ohio statute of limitation governing contract actions was unconstitutional under the commerce clause. The statute was tolled for any period that a person or corporation was not `present' in Ohio.[15] For purposes of the statute, being `present' required a foreign corporation to appoint an Ohio agent for service of process. But appointing such an agent operated as consent to general jurisdiction of the Ohio courts over the foreign corporation.[16] The Court noted that a state regulation that burdens interstate commerce in a way not applicable to local business or trade may be discriminatory and invalidated outright. Alternatively, the Court could weigh and assess the State's putative interest against the interstate restraints to determine if the burden is unreasonable.
Choosing the latter method of analysis in the case before it, the Court held that the State's putative interests were outweighed by the burden on commerce. The State's interests were outweighed because the statutory scheme forced a foreign corporation to choose between subjecting itself to general jurisdiction for all causes of action in Ohio's courts or remaining subject in perpetuity to suit on the specific cause of action in the pending suit.
McDonald has not cited a single case that has applied the Bendix decision to invalidate a statute of limitation governing the filing of criminal charges. And we have not found any such case in our independent research. Without citation to authority, the State argues that Bendix has no application here because criminal conduct is not commerce. But we need not address that contention.
We assume, without deciding, that an analysis under the commerce clause properly applies to this criminal case. Thus, we apply the Bendix analysis. That analysis requires that we weigh and assess the State's putative interests against the interstate restraints to determine if the burden imposed on interstate commerce is unreasonable.
The State's interest in prosecuting alleged violations of its criminal laws is strong.[17] Indeed, the United States Supreme Court has previously held that a state's interest in prosecuting crimes is so significant as to justify burdening a person's fundamental constitutional right to travel from one state to the next.[18] Moreover, the State's interest in prosecuting crimes is compromised where a person leaves the state before or after charges are filed because investigation generally may be more difficult. For example, the absent person may be unavailable for questioning. He or she may not be available for lineups or other investigative techniques. And the person may have taken important evidence when leaving the state.
Here, the record is mixed on whether McDonald's absence compromised the State's investigation. She was available for questioning in New York by federal authorities. Presumably, she was also available there for questioning by Washington authorities had they chosen to contact her. The record is *1180 unclear whether McDonald took with her when she moved to New York evidence that was necessary for the State to have to decide whether to prosecute. What is clear is that she stipulated, in writing, before leaving Washington that she had misused client funds. And that evidence was used against her at trial.
But the tolling provision allows the State to conserve scarce resources by potentially avoiding the time and expense associated with extradition. Rather than initiating extradition, the State may decide, in its discretion, to see whether a person returns to the State before prosecution. Conserving scarce resources is a reasonable basis for relying on the tolling provision at issue here.[19]
In short, Bendix does not support the conclusion that the tolling provision here so burdens interstate commerce as to violate the commerce clause. There is nothing here that is akin to the onerous imposition of the requirement to appoint a local agent for service of process for all causes of action as in that case. And in contrast to Bendix, the State has a strong interest here in enforcing alleged violations of its criminal laws. The State's interest in conserving scare resources by avoiding the time and expense of extradition is not an unreasonable rationale for deferring prosecution based on the tolling provision of the statute. McDonald fails in her burden to show beyond a reasonable doubt that the tolling provision of the statute is unconstitutional.
We adhere to the rule stated in Ansell and Newcomer. The statute of limitation was tolled while McDonald was absent from the state. The charges were timely.
We affirm the judgment and sentence.
The remainder of this opinion has no precedential value and will not be published.[20]
WEBSTER, J., and BECKER, J., concur.
NOTES
[1] RCW 9A.04.080.
[2] 18 U.S.C. sec.sec. 1344 and 1341.
[3] The State charged McDonald with four counts of first degree theft and two counts of second degree theft for actions occurring between November 7, 1989 and May 7, 1990.
[4] State v. McCraw, 127 Wash.2d 281, 288, 898 P.2d 838 (1995).
[5] McCraw, 127 Wash.2d at 288, 898 P.2d 838.
[6] State v. Shultz, 138 Wash.2d 638, 642, 980 P.2d 1265 (1999) (citing State v. Blank, 131 Wash.2d 230, 235, 930 P.2d 1213 (1997)).
[7] Shultz, 138 Wash.2d at 643, 980 P.2d 1265 (citing State ex rel. Pub. Disclosure Comm'n v. 119 Vote No! Comm., 135 Wash.2d 618, 623, 957 P.2d 691 (1998)).
[8] RCW 9A.04.080 (1996) (italics ours).
[9] 36 Wash.App. 492, 675 P.2d 614, review denied, 101 Wash.2d 1006 (1984).
[10] 385 Ill. 23, 52 N.E.2d 197 (Ill.1943).
[11] Ansell, 36 Wash.App. at 494, 675 P.2d 614.
[12] 48 Wash.App. 83, 737 P.2d 1285, review denied, 109 Wash.2d 1014 (1987).
[13] 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896 (1988).
[14] U.S. Const. art. 1, sec. 8, cl. 3, which vests Congress with the `power ... to regulate Commerce with foreign Nations, and among the states.'
[15] Bendix, 486 U.S. at 891, 108 S.Ct. 2218.
[16] Bendix, 486 U.S. at 891, 108 S.Ct. 2218.
[17] See, e.g., United States v. Hensley, 469 U.S. 221, 229, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985) (recognizing the `strong government interest in solving crimes and bringing offenders to justice'); Schall v. Martin, 467 U.S. 253, 264, 104 S.Ct. 2403, 81 L.Ed.2d 207 (1984) (stating that government has a legitimate and compelling interest in protecting the community from crime); and Flanagan v. United States, 465 U.S. 259, 265, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984) (observing that `when a crime is committed against a community, the community has a strong collective psychological and moral interest in swiftly bringing the person responsible to justice').
[18] See Jones v. Helms, 452 U.S. 412, 419, 101 S.Ct. 2434, 69 L.Ed.2d 118 (1981).
[19] See State v. Norby, 122 Wash.2d 258, 263, 858 P.2d 210 (1993) (recognizing that important societal interests, such as conserving `scarce resources,' are served by allowing prosecutors the discretion to delay filing criminal charges until they are fully satisfied that the charges should be filed) (citing United States v. Lovasco, 431 U.S. 783, 795, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977)).
[20] RCW 2.06.040.