[No. 26736-9-III.  Division Three.  December 22, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT T. WALKER, *Appellant*.

*Janet G. Gemberling* (of *Gemberling & Dooris PS*), for appellant.

*Andrew K. Miller, Prosecuting Attorney*, and *Terry J. Bloor, Deputy*, for respondent.

¶1 Korsmo, J. — Robert Walker challenges for the first time on appeal the timeliness of the bail jumping charges filed against him for a seemingly endless string of failures to appear in court. Because the statute of limitations implicates the jurisdiction of the courts, but the prosecution has not had an opportunity to produce evidence on the topic, we remand to the trial court to decide the merits of the argument. We affirm the other two counts that were timely filed.

## FACTS

¶2 Mr. Walker was charged December 13, 2000, in the Benton County Superior Court with possessing metham-

phetamine on September 29, 2000. He was arraigned January 5, 2001. A several year odyssey of missed court dates ensued.

¶3 Ultimately, by amended information filed September 28, 2006, and second amended information filed June 26, 2007, seven counts of bail jumping were added to the drug possession charge. Counts II and III involved missed court dates in 2001, counts IV and V covered various dates in 2002, count VI was alleged to have been committed September 19, 2003, count VII covered a 2004 date, and count VIII involved the period between December 18, 2006, and January 10, 2007.

¶4 The case eventually proceeded to trial in June 2007. The arresting officer was not located, and the drug possession count was dismissed at the end of the prosecution's case. Mr. Walker took the stand in his own defense on the bail jumping counts and testified that he missed court because he was incarcerated in other counties or could not read the court dates on his paperwork. In cross-examination, the prosecutor got Mr. Walker to admit that he had no jail records to support his incarceration testimony.

¶5 The prosecutor began his closing argument by pointing out that Mr. Walker had successfully delayed the prosecution on the original charge to the point where it had to be dismissed. There was no objection to the argument.

¶6 The jury convicted Mr. Walker on all seven bail jumping charges. After another half year of delay, he was sentenced to concurrent 60-month terms. He then timely appealed to this court.

## ANALYSIS

¶7 This appeal raises three separate challenges.[1] First, Mr. Walker argues that the five oldest bail jumping counts

---

[1] Mr. Walker also filed his *pro se* statement of additional grounds. We have considered the arguments and find them to be meritless; they will not be addressed further other than to make two observations. First, Mr. Walker's CrR 3.3 arguments are largely identical to those recently rejected in another one of his appeals, Court of Appeals (COA) No. 27286-9-III, noted at 153 Wn. App. 1028 (2010).

were barred by the statute of limitations. Next, he contends that the evidence did not support count VII. Finally, he claims that he was denied a fair trial by prosecutorial misconduct in cross-examination and closing argument. We will address the challenges in the order presented.

*Statute of Limitations*

¶8 The statute of limitations applicable to bail jumping is found in RCW 9A.04.080(1)(h), which states in relevant part that "[n]o other felony may be prosecuted more than three years after its commission." The exception to the statutory limitation period is found in RCW 9A.04.080(2):

> The periods of limitation prescribed in subsection (1) of this section do not run during any time when the person charged is not *usually and publicly resident within this state*.

(Emphasis added.)

¶9 The statute of limitations in a criminal case is jurisdictional. *State v. Eppens*, 30 Wn. App. 119, 124, 633 P.2d 92 (1981).[2] Accordingly, a statute of limitations challenge in a criminal case can be raised for the first time on appeal. RAP 2.5(a)(1); *State v. Novotny*, 76 Wn. App. 343, 345 n.1, 884 P.2d 1336 (1994).

¶10 The question here is whether any time was tolled. Only nine days of tolling would be necessary for count VI to be timely; 32 months would be necessary for count II.

¶11 Mr. Walker's initial argument on this issue is a contention that the charging documents fail to allege facts that would toll the statute of limitations. The State responds that the statutory requirements for a charging

---

Second, his arguments based on *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976), have *never* been applied to post arraignment delays in getting a case to trial. Even if *Striker* had not been obviated by the 2003 amendments to CrR 3.3, it would not apply to this case.

[2] Because a criminal statute of limitations is jurisdictional, unlike the statute of limitations in a civil action, it cannot be waived. *State v. Glover*, 25 Wn. App. 58, 61-62, 604 P.2d 1015 (1979); *see State v. Phelps*, 113 Wn. App. 347, 357, 57 P.3d 624 (2002) (defendant could not agree to extend criminal statute of limitations period).

document do not dictate that tolling language be included in a charging document.

¶12 We agree that nothing in CrR 2.1 or the statutes governing the sufficiency of charging documents expressly requires that language that would toll a statute of limitations be included therein. RCW 10.37.050, .052, and .054 all state various requirements for a charging document or explain when it is sufficient, and RCW 10.37.056 discusses "defects" that are insufficient to invalidate a charging document. Only section .050 addresses the statute of limitations. It provides that an information is sufficient if it can be understood therefrom that the crime was committed "within the time limited by law for the commencement of an action therefor." RCW 10.37.050(5).

¶13 Alleging that the statute of limitations is tolled when filing an information that appears to be outside the statutory period might avoid an insufficiency argument. This court has twice before considered a similar challenge to charging documents raised initially on appeal and concluded that, in the absence of prejudice to the defendant, the argument failed because the information could be amended to expressly state the tolling period. *State v. Koch*, 38 Wn. App. 457, 461-462, 685 P.2d 656 (1984); *State v. Ansell*, 36 Wn. App. 492, 496, 675 P.2d 614, *review denied*, 101 Wn.2d 1006 (1984). However, that is no guarantee that a trial judge would permit an amendment; and there are some circumstances, such as when the original filing was barred by the statute of limitations, when a court would not be able to permit an amendment. *See State v. Glover*, 25 Wn. App. 58, 60-63, 604 P.2d 1015 (1979). Rather than court these problems, a prosecutor would be well advised to avoid the issue by alleging tolling.

■ ■ ¶14 The statute does not assign the burden of establishing whether the statute of limitations was, or was not, tolled. Citing out-of-state authorities, the prosecution argues that the burden should be on the defendant to allege that he was a state resident in order to show that the tolling provision did not apply, particularly where he repeatedly

fled the jurisdiction of the court.[3] However, we believe that the proponent of an exception should bear the burden of proving that the exception exists. That is especially the case where, as here, that exception is critical to the court's jurisdiction. We hold that when a statute of limitations challenge is raised, the State bears the burden of establishing that sufficient time is tolled to permit the matter to proceed.

¶15 Despite not having had the opportunity to present evidence on the topic to the trial court, the State does argue that the record reflects that Mr. Walker was incarcerated in neighboring counties and that the time spent in custody outside of Benton County should be tolled. The record also reflects that in 2004 Mr. Walker had to be extradited from Oklahoma.[4] The language of the tolling statute ("not usually and publicly resident within this state") has consistently been interpreted to mean that time is tolled only when the accused is living, whether voluntarily or involuntarily, outside Washington. *State v. King*, 113 Wn. App. 243, 293-294, 54 P.3d 1218 (2002), *review denied*, 149 Wn.2d 1015 (2003); *State v. McDonald*, 100 Wn. App. 828, 831-834, 1 P.3d 1176, 12 P.3d 649 (2000), *cert. denied*, 534 U.S. 820 (2001); *State v. Newcomer*, 48 Wn. App. 83, 91-92, 737 P.2d 1285, *review denied*, 109 Wn.2d 1014 (1987); *Ansell*, 36 Wn. App. at 494-496. The fact that Mr. Walker may have been living involuntarily in a neighboring county's jail cell did not mean that he was "not usually and publicly resident within this state." He was living in Washington. The fact that it was not his usual abode does not

---

[3] The prosecution also argues that Mr. Walker should not benefit from repeatedly shirking the authority of the trial court. While we agree that Mr. Walker's repeated disappearances perhaps could toll some time periods as in *State v. Clarke*, 86 Wn. App. 447, 936 P.2d 1215 (defendant's pretrial flight tolled 10 year limitation of ER 609(b)), *review denied*, 133 Wn.2d 1018 (1997), we do not agree that jurisdictional limits can be tolled in such a manner. That would particularly be the case, as here, where the disregard for the court's authority occurred on a different charge (drug possession) than that on which tolling is sought (bail jumping).

[4] This court permitted the record to be supplemented on appeal with some documentary evidence, including the extradition papers.

make him less a public resident of the state. The period of in-state incarceration did not toll the statute of limitations.

¶16 The prosecution concedes that if the time in the other county jails cannot be tolled, then counts II and III were untimely charged. *See* Br. of Resp't, App. Tbl. 1 n.2. For the reasons that follow, we do not accept that concession but leave that issue for the trial court.

¶17 Appellate courts do not make factual findings. *E.g., Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 572, 575, 343 P.2d 183 (1959). This court simply is not in a position either to take evidence or to weigh contested evidence and make factual determinations. Where Mr. Walker lived during the charging period is inherently a factual question. Given the failure of the defense to raise the issue below, there was no opportunity for the parties to present evidence and no opportunity for the trial court to make factual findings. An appellate court need not consider an issue raised for the first time on appeal when the record does not contain sufficient facts to resolve the claim. *State v. McFarland*, 127 Wn.2d 322, 334, 899 P.2d 1251 (1995). Typically, the remedy in such situations is for the defendant to bring a personal restraint petition. *E.g., State v. Norman*, 61 Wn. App. 16, 27-28, 808 P.2d 1159, *review denied*, 117 Wn.2d 1018 (1991).

¶18 The unique facts of this case suggest a different remedy is in order. Whether the five belatedly challenged charges were timely filed is a matter that goes to the jurisdiction of the trial court and is one that we believe should be resolved as soon as possible. If we accepted the concession on two counts and left the remaining charges to the personal restraint process, multiple sentencing hearings might result in both cases. Given that there facially appears to be a likelihood of some success for Mr. Walker (as supported by the State's attempted partial concession), the need for factual determinations by the trial court, and the

possible need to resentence[5] Mr. Walker in this case should any of the charges be dismissed, we believe a remand would be the most efficient use of judicial resources. RAP 7.3; *see State v. Bliss*, 153 Wn. App. 197, 222 P.3d 107 (2009) (remanding for a new CrR 3.6 hearing).

¶19 Accordingly, we remand the case to the Benton County Superior Court to consider Mr. Walker's statute of limitations challenge to counts II through VI. The trial court shall grant the parties a reasonable time[6] to gather and present evidence on the issue of whether Mr. Walker was not "publicly and usually resident" in Washington during the charging period and enter appropriate findings of fact and conclusions of law, which should be transmitted to this court. If the court dismisses any counts, Mr. Walker should be resentenced and any aggrieved party can file a new appeal from that judgment. If the trial court does not grant any relief, Mr. Walker's counsel can seek permission by motion to brief any challenges to the court's findings and conclusions.

¶20 The convictions are affirmed. Counts II through VI are remanded for trial court determination of the statute of limitations argument.

¶21 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions. RCW 2.06.040.

KULIK, A.C.J., and SWEENEY, J., concur.

After modification, further reconsideration denied February 11, 2010.

---

[5] In the other file of Mr. Walker's referenced earlier, COA No. 27286-9-III, noted at 153 Wn. App. 1028, we remanded the case for sentencing. The outcome of this remand may affect the offender score in that action.

[6] Since it may take time to obtain more complete extradition records and search old public and private records, we leave the timing to the sound discretion of the trial court.