234 P.3d 211 (2010)
STATE of Washington, Respondent,
v.
Jesse Alan WILLINGHAM, Petitioner.
No. 84036-9.
Supreme Court of Washington, En Banc.
Considered July 8, 2010.
Decided July 15, 2010.
Manek R. Mistry, Jodi R. Backlund, Backlund & Mistry, Olympia, WA, for Petitioner.
Thomas a Brotherton, Jefferson County Prosecutor's Office, Port Townsend, WA, for Respondent.
PER CURIAM.
¶ 1 In affirming Jesse Willingham's convictions for indecent liberties, the Court of Appeals held that the statute of limitations for the crime tolled when Willingham was out of state for two weeks for job training. Willingham seeks review of the Court of Appeals decision. We grant review and reverse.
¶ 2 On August 14, 2008, the State filed an information charging Willingham with two counts of indecent liberties, the second alleged act occurring on August 1, 2005. Willingham filed a motion to dismiss, arguing that the three-year statute of limitations for the crime barred prosecution. In response, the State provided evidence that Willingham had visited Utah for two weeks in June 2008 for job-related training. Noting that there *212 was no evidence that Willingham intended to relocate out of state, the trial court dismissed the charges as time barred. The Court of Appeals reversed, in an unpublished opinion, holding that Willingham's mere absence from the state tolled the statute of limitations. State v. Willingham, noted at 152 Wash.App. 1056, 2009 WL 3532213.
¶ 3 The State must file indecent liberties charges within three years of the commission of the crime. RCW 9A.04.080(1)(h). A criminal statute of limitations is jurisdictional and creates an absolute bar to prosecution if charges are not timely filed. State v. Phelps, 113 Wash.App. 347, 357, 57 P.3d 624 (2002). The statute of limitations is tolled, however, during any time the person charged is "not usually and publicly resident within this state." RCW 9A.04.080(2). Tolling occurs during such an absence regardless of whether the defendant was absent for the purpose of avoiding authorities, even when the State knew of the defendant's whereabouts. State v. King, 113 Wash.App. 243, 293-94, 54 P.3d 1218 (2002).
¶ 4 In holding that Willingham's two-week trip to Utah for job training tolled the statute of limitations, the Court of Appeals relied on a passage from State v. Ansell, 36 Wash. App. 492, 675 P.2d 614 (1984), stating that a defendant's "`mere absence'" from the state tolls the statute of limitations. Willingham, 2009 WL 3532213, at *2 (quoting Ansell, 36 Wash.App. at 496, 675 P.2d 614). But despite the seemingly broad language of Ansell, the defendant there did not merely visit another state. Instead, as in all other cases from this state holding that the statute of limitations was tolled, the defendant relocated to another state during the tolling period. See Ansell, 36 Wash.App. at 493, 675 P.2d 614 (statute of limitations tolled while defendant resided in Iowa, Colorado, and Alaska); State v. Newcomer, 48 Wash.App. 83, 91-92, 737 P.2d 1285 (1987) (statute tolled while defendant was incarcerated in Oregon); State v. McDonald, 100 Wash.App. 828, 832-33, 1 P.3d 1176 (2000) (statute tolled while defendant resided in New York); King, 113 Wash.App. at 293-94, 54 P.3d 1218 (statute of limitations tolled while defendant resided in California). The specific question in Ansell was whether, in order for the statute to be tolled, the defendant must be absent with intent to conceal. Ansell, 36 Wash.App. at 496, 675 P.2d 614. It is in this context that the court held that "mere absence" tolls the statute. Id. The court did not suggest that any absence from the state, whatever the reason and however temporary, tolls the statute.
¶ 5 Unlike the defendants in previous decisions, Willingham did not relocate to another state. Instead, he only visited Utah for two weeks for training with his trucking company employer. He received a temporary Utah license, but his permanent residence remained in Washington. By its terms, the statute of limitations is not tolled whenever the person charged is absent from the state, but only when the person is not usually and publicly resident within the state. A person may be absent without changing his residence. The trial court reviewed the evidence and found no indication that Willingham intended to change residences. Willingham's brief and temporary absence from the state, with no intent to relocate, did not toll the statute of limitations.
¶ 6 The Court of Appeals decision is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.