IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| KEITH L. DIXON AND REBECCA L. DIXON, husband and wife; | ) ) ) | No. 30537-6-III |
| Appellants, | ) ) ) | |
| v. | ) ) | |
| | ) | UNPUBLISHED OPINION |
| YAKIMA HMA, LLC, d/b/a YAKIMA REGIONAL HOSPITAL, a for-profit limited liability company; EDUARDO MEIRELLES, MD and JANE DOE MEIRELLES, husband and wife; and UNKNOWN JOHN and/or JANE DOES Nos. 1-20; | ) ) ) ) ) ) ) ) | |
| Respondents. | ) ) ) | |

KORSMO, C.J. — Keith Dixon and his wife sued his surgeon and hospital for complications arising from surgery after he had been negligently dropped from a gurney. The trial court dismissed the action for failure to accomplish service within the statute of limitations period. We affirm.

FACTS

The case arose after Mr. Dixon was dropped from his gurney on May 29, 2008, shortly before his scheduled back surgery at Yakima Regional Hospital (Regional). The surgery proceeded despite the incident. Complications, including at least one and

perhaps two strokes, occurred during the operation as the result of increased blood pressure.

The Dixons filed suit in the Yakima County Superior Court on May 25, 2011. The following day, their counsel mailed a letter to Regional which was received May 31. The letter invited Regional "to engage in meaningful mediation with my clients" and cited to RCW 7.70.100(3). Plaintiff did not immediately serve Regional or the surgeon, Dr. Eduardo Meirelles.[1] Service was accomplished on Regional on August 25 and on Dr. Meirelles on October 3. The 90 day period for service expired August 23.

The defendants moved to dismiss the action as time barred. The trial court found that the letter was a request for mediation, but concluded that it was ineffectual due to the suit being filed prior to the mediation request. The court then ruled that it lacked jurisdiction as the action was not timely served. After the order of dismissal was entered, the Dixons appealed to this court.

## ANALYSIS

The sole issue in this appeal is whether the trial court correctly concluded that the action was untimely. The Dixons argue that their request for mediation tolled the statute

---

[1] Counsel explained at oral argument that service purposely was delayed in order to pursue mediation.

of limitations for an additional year, making their service on the defendants timely. We agree with the trial court and affirm the dismissal.[2]

This case involves the interplay of three statutes. The first, RCW 4.16.350(3), is the medical malpractice statute of limitations. In relevant part, it provides that such actions "shall be commenced within three years of the act or omission alleged to have caused the injury or condition."

The second statute, RCW 4.16.170, has several provisions of import to this case. It first provides that a statute of limitations "shall be deemed commenced when the complaint is filed or summons is served whichever occurs first." The plaintiff is required to serve one or more of the defendants personally within 90 days of filing. *Id.* It also provides that when "following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations." *Id.*

The final statute, RCW 7.70.110, provides:

> The making of a written, good faith request for mediation of a dispute related to damages for injury occurring as a result of health care prior to filing a cause of action under this chapter shall toll the statute of limitations provided in RCW 4.16.350 for one year.

RCW 7.70.110 is a tolling provision. *Morris v. Swedish Health Servs.*, 148 Wn. App. 771, 776, 200 P.3d 261 (2009). If a plaintiff makes a good faith request for mediation

---

[2] In light of our resolution, we do not address the efficacy of the May 26 letter as a mediation request.

prior to filing a cause of action for medical malpractice, the three year statute of limitations under RCW 4.16.350(3) is tolled for one year.[3]

The statute of limitations is an affirmative defense that must be proved by the defendant. *Haslund v. City of Seattle*, 86 Wn.2d 607, 620-21, 547 P.2d 1221 (1976). A plaintiff asserting an exception to the statute of limitations, however, bears the burden of proving that a tolling provision applies. *Cannavina v. Poston*, 13 Wn.2d 182, 190-91, 124 P.2d 787 (1942) (recognizing the burden of proof rests on a party asserting partial payment as a rationale to toll the statute of limitations); *State v. Walker*, 153 Wn. App. 701, 707, 224 P.3d 814 (2009) (State bore burden of establishing exception to statute of limitations).

The trial court granted the motion for summary judgment, finding that it lacked jurisdiction to hear the Dixons' claims because they filed their complaint a day before they requested mediation, and RCW 7.70.110 only tolls the statute of limitations when the request for mediation is made prior to the filing of a cause of action for medical malpractice. Since the Dixons did not invoke the tolling provision, the three year statute of limitations barred the Dixons' claims when they failed to serve the defendants within 90 days of filing.

---

[3] Whether or not a party has made "a written, good faith request for mediation" sufficient to invoke the tolling provision of RCW 7.70.110 is a question of law, which this court reviews de novo. *Breuer v. Presta*, 148 Wn. App. 470, 475, 200 P.3d 724 (2009).

The trial court did not err in finding that the Dixons failed to invoke the tolling provision of RCW 7.70.110. If a statute's meaning is plain on its face, then courts give effect to that meaning as an expression of legislative intent. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). The plain language of the statute is clear: the one year tolling period provided by RCW 7.70.110 applies only to a written, good faith request for mediation that occurs *prior* to filing a cause of action under chapter 7.70 RCW.[4] The Dixons filed their action on May 25, one day before they notified the respondents of their intention to file suit and inviting them to mediate the claims. Under the plain language of RCW 7.70.110, the Dixons failed to invoke the tolling provision and therefore the statute of limitations expired before the Dixons served the respondents.

The essence of the Dixons' argument is that by making the mediation request following filing, they effectively invalidated the filing. They cite no relevant authority for that proposition. Their argument also fails under the language of the statutes. As noted, the mediation request was effective under RCW 7.70.110 only if made before filing. That did not happen, so the request was a nullity. The filing was only effective if the action was "commenced" by serving within 90 days. RCW 4.16.170. That also did

---

[4] This reading of the statute also makes sense in light of the apparent purpose of RCW 7.70.110, which is to facilitate settlement of disputes through presuit mediation. *Unruh v. Cacchiotti*, 172 Wn.2d 98, 114, 257 P.3d 631 (2011). Generally, filing suit prior to inviting mediation probably does not indicate a good faith intent to mediate.

No. 30537-6-III
*Dixon v. Yakima HMA, LLC*

not happen here. Because the statute of limitations period was neither tolled by a timely request for mediation nor by timely service, the trial court correctly concluded that the action was not timely commenced.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____          _____
Brown, J.                                                          Fearing, J.