[No. 26843-8-III.   Division Three.   January 29, 2009.]

LEONARD M. BREUER, *Appellant*, v. DOUGLAS D. PRESTA ET AL., *Respondents*.

472

*Jerry T. Dyreson*, for appellant.

*Gary R. Eliasen* and *Teri E. Manko* (of *Merrick, Hofstedt & Lindsey, PS*), for respondents.

¶1 SWEENEY, J. — This is a medical malpractice case. The essential question before the court is whether the plaintiff's letters to the defendant physician amounted to a good faith request for mediation, a request that would have tolled the otherwise three-year statute of limitations. We conclude that the words used do not amount to a "request" for mediation, and we therefore affirm the trial judge's summary dismissal.

## FACTS

¶2 On March 1, 2004, Leonard M. Breuer sought treatment from Dr. Douglas Presta for an ankle injury. Dr. Presta diagnosed the problem as a sprain or strain. The ankle continued to bother Mr. Breuer, and so he returned to Dr. Presta a year later and complained of continuing pain in the ankle. Dr. Presta had the ankle x-rayed. The x ray showed a fracture.

¶3 On January 3, 2007, Mr. Breuer's attorney notified Dr. Presta of a claim by letter. The letter was received and date-stamped January 5. On January 23, the attorney sent another letter to Dr. Presta to notify him that Mr. Breuer intended to sue. Dr. Presta received that letter on January 25. Mr. Breuer sent a third letter on February 20 before he filed suit:

> I think it would be useful to set out briefly the claim against Dr. Presta to be considered in the event there is any desire to either mediate or attempt settlement negotiations of this claim prior to the time that we have to file suit. . . .
>
>     . . . .
>
> I am awaiting the surgeon's records and billings with regard to this treatment and when I have them I will be in a position to discuss the value of this claim and if Dr. Presta is interested,

we would be willing to consider negotiating an appropriate resolution of the claim.

Clerk's Papers (CP) at 71-73. And he sent a final letter on February 26 before filing suit that included the comment that "Mr. Breuer is willing to consider mediation of this claim or settlement discussions." CP at 75.

¶4 On April 30, 2007, Mr. Breuer sued Dr. Presta. Dr. Presta answered, generally denied the allegations, and affirmatively asserted the statute of limitations. The trial judge ultimately concluded the claim was barred by the statute of limitations and summarily dismissed Mr. Breuer's complaint.

## DISCUSSION

¶5 Mr. Breuer makes a number of arguments on appeal in support of his contention that the trial court erred in dismissing his suit. He contends that his lawyer's letters to Dr. Presta amount to a "request" for mediation and therefore the statute of limitations did not run by operation of RCW 7.70.110 (good faith request for mediation tolls the statute of limitations). He argues that he could not sue Dr. Presta earlier than he did because former RCW 7.70.100(1) (2006) requires a 90-day notice before filing a medical negligence claim. He also argues that former RCW 7.70.100 is unconstitutional because it requires that tort claims be presented within a shorter period of time for health care providers than the period allowed for commencing a tort action against others. And he argues finally that the statute of limitations did not begin to run until March 9, 2005, when he decided to seek a second medical opinion, or that Dr. Presta concealed his negligence and this tolled the statute of limitations.

¶6 In sum, Mr. Breuer contends the statute of limitations was tolled based on (1) a request for mediation, (2) former RCW 7.70.100(1)'s 90-day notice requirement, and (3) either a course of continuing treatment or intentional concealment of any negligence by the doctor.

■ ¶7 We, of course, sit in the same position as the trial judge. *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). Here, there were no issues of fact before the trial court and so there are no issues of fact before us.

■ ¶8 Again, the essential question is whether the writings here requested mediation. RCW 7.70.110 requires "a written, good faith request for mediation." Either the writings here satisfy that statutory requirement for a good faith request, as a matter of law, or they do not, as a matter of law. So our review is de novo. *See Tapper v. Employment Sec. Dep't*, 122 Wn.2d 397, 403, 858 P.2d 494 (1993) ("The process of applying the law to the facts . . . is a question of law and is subject to de novo review.").

¶9 We conclude that Mr. Breuer did not "request" mediation, and, therefore, he did not satisfy the requirements of RCW 7.70.110.

REQUEST FOR MEDIATION

■■ ¶10 The statute of limitations for a medical negligence claim is three years. RCW 4.16.350. That limitation period is, however, tolled by "a written, good faith request for mediation of a dispute related to damages for injury occurring as a result of health care." RCW 7.70.110. "Good faith" is an " 'honest belief, the absence of malice and the absence of design to defraud or to seek an unconscionable advantage.' " *Sattler v. Nw. Tissue Ctr.*, 110 Wn. App. 689, 695, 42 P.3d 440 (2002) (internal quotation marks omitted) (quoting *Nicoletta v. Rochester Eye & Human Parts Bank, Inc.*, 136 Misc. 2d 1065, 519 N.Y.S.2d 928, 930 (1987)). And a "request" is "**1** : the act of asking for something [or] **2 a** : an instance of asking for something : an expressed desire." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1929 (1993). We accord a plain and ordinary meaning to terms that are not defined by the statute unless a contrary intent appears in the statute. *Perkins Coie v. Williams*, 84 Wn. App. 733, 736-37, 929 P.2d 1215 (1997).

■ ¶11 Mr. Breuer's correspondence expresses a willingness to consider mediation. But a willingness is not a

request. At best, it is an invitation for the defendant physician to request mediation. We then agree with the trial judge. None of the correspondence amounts to a request for mediation as a matter of law.

90-DAY STATUTORY NOTICE

¶12 Mr. Breuer also contends that the statute of limitations was extended because former RCW 7.70.100(1), as then written, required a plaintiff to give a health care provider "at least ninety days' notice of the intention to commence the action." Former RCW 7.70.100(1). But "the time for the commencement of the action must be extended ninety days from the service of the notice" if the notice was served within 90 days of the statute of limitations expiring. *Id.* Here, Mr. Breuer notified Dr. Presta on January 3, 2007, that he intended to sue. This letter is stamped "received" on January 5. Ninety days from this date would be April 5. But Mr. Breuer did not file his complaint until April 30. Even if we conclude that his January 23 letter started the 90-day waiting period, the April 30 filing still comes too late.

¶13 The legislature amended former RCW 7.70.100(1) in 2007. The statute now gives the claimant an extra five days to sue: "the claimant shall have an additional five court days to commence the action." RCW 7.70.100(1). Mr. Breuer argues the current statute should apply retroactively to his claim. But even adding 95 days from the date his first letter was received, the April 30 filing still comes too late.

CONSTITUTIONALITY OF THE STATUTORY SCHEME

¶14 Mr. Breuer also contends RCW 7.70.100(1) is unconstitutional because it "shortens" the time to file a complaint against health care providers only and, therefore, effectively denies him equal protection of laws. Appellant's Br. at 14.

¶15 Our review of the assignment of error is de novo. *Kitsap County v. Mattress Outlet*, 153 Wn.2d 506, 509, 104 P.3d 1280 (2005). "A statute is presumed to be constitutional, and the party challenging its constitutionality

bears the burden of proving its unconstitutionality beyond a reasonable doubt." *State v. Thorne*, 129 Wn.2d 736, 769-70, 921 P.2d 514 (1996). Application of that evidentiary burden-of-persuasion standard to a constitutional question—a question of law—has been criticized, and appropriately so. *State v. Shultz*, 138 Wn.2d 638, 649, 980 P.2d 1265 (1999) (Sanders, J., concurring). A legislative classification will be invalidated under article I, section 12 of the Washington Constitution if the relationship between the classification and the legislative goal is "so attenuated as to render the distinction arbitrary or irrational." *DeYoung v. Providence Med. Ctr.*, 136 Wn.2d 136, 149, 960 P.2d 919 (1998). But RCW 7.70.100(1) *extends* the time available to file a claim. And even if it did not, we would conclude that it creates no arbitrary or irrational classification here because the time period helps achieve the policy's aim "to settle [medical malpractice] cases before resorting to court." LAWS OF 2006, ch. 8, § 1. We conclude then that the requirement is not unconstitutional. Division Two of this court recently concluded likewise in *Waples v. Yi*, 146 Wn. App. 54, 61, 189 P.3d 813 (2008), *petition for review filed*, No. 82142-9 (Wash. Sept. 19, 2008).

CONTINUOUS TREATMENT/CONCEALED NEGLIGENCE

¶16 Finally, Mr. Breuer contends that he was under Dr. Presta's continuous treatment until March 9, 2005, and Dr. Presta concealed his negligence. He raised these challenges in the trial court in his motion for reconsideration. Issues raised in a motion for reconsideration must not be dependent upon new facts and must be closely related to already raised allegations. *Newcomer v. Masini*, 45 Wn. App. 284, 287, 724 P.2d 1122 (1986). These new issues are dependent on additional facts and are not mentioned in the court's order denying reconsideration. They were not, therefore, properly raised, and we do not know on this record whether the court even considered them.

¶17 That said, we would still conclude that these challenges have no merit. Mr. Breuer saw Dr. Presta once

on March 1, 2004, and then again on March 9, 2005. There was no proof of "continuous treatment." He alleged that Dr. Presta misdiagnosed his fractured ankle. That act or omission took place, or failed to take place, on March 1.

¶18 And we see no showing here that Dr. Presta concealed any negligence. RCW 4.16.350 tolls the statutory period for commencement on proof of fraud or intentional concealment. The intentional concealment proviso of RCW 4.16.350 "requires more than just the alleged negligent act or omission forming the basis for the cause of action. The proviso is aimed at conduct or omissions intended to prevent the discovery of negligence or of the cause of action." *Gunnier v. Yakima Heart Ctr., Inc.*, 134 Wn.2d 854, 867, 953 P.2d 1162 (1998).

¶19 The question is generally a question of fact for the trier of fact. *Duke v. Boyd*, 133 Wn.2d 80, 83, 942 P.2d 351 (1997). But the plaintiff must allege facts to support the claim. *Gunnier*, 134 Wn.2d at 867. Mr. Breuer has not done so here. We find no evidence in the record that Dr. Presta knew the ankle was fractured prior to the March 9, 2005, x ray. It is even possible the fracture did not occur until after the initial March 1, 2004, examination. We do not know, and there is no showing of intentional concealment.

¶20 We affirm the trial judge's summary dismissal.

KULIK, A.C.J., and BROWN, J., concur.

Reconsideration denied February 24, 2009.