225 P.3d 1016 (2009)
153 Wash.App. 498
Donna C. JACKSON, individually and Virgil L. Jackson, individually, and their marital community, Appellants,
v.
SACRED HEART MEDICAL CENTER, a Washington corporation, Respondent.
No. 27602-3-III.
Court of Appeals of Washington, Division 3.
November 19, 2009.
Publication Ordered December 31, 2009.
Marcia Marie Meade, Attorney at Law, Spokane, WA, for Appellant.
Carole Lynne Rolando, Attorney at Law, Mary H. Spillane, William Kastner & Gibbs, Seattle, WA, for Respondent.
SWEENEY, J.
¶ 1 This appeal follows the summary dismissal of a medical negligence suit against a hospital. The trial judge concluded that the plaintiffs had failed to notify the defendants of their intent to sue as required by statute. The court relied on a 2007 version of the statute that laid out specific requirements for service of the notice of intent to sue. We conclude that delivery of a proposed summons and complaint to Sacred Heart Medical Center on October 19, 2006, is sufficient notice because the statute in effect at that time required no specific means of service of the notice of intent to sue. We then reverse the summary dismissal of the complaint.

FACTS
¶ 2 Donna Jackson was treated at Sacred Heart Medical Center between October 20, 2003, when she was seen in the emergency room and hospitalized for a stroke, and November 9, when she was discharged from the *1017 hospital. Donna and Virgil Jackson sued the hospital for damages based on medical negligence.
¶ 3 On October 19, 2006, the Jacksons offered to mediate the dispute pursuant to RCW 7.70.110.[1] They served Sacred Heart's registered agent with a written offer to mediate and a copy of a proposed summons and complaint. The matter proceeded to discovery and mediation. Their efforts to mediate failed. So, on October 17, 2007, the Jacksons filed the summons and complaint.
¶ 4 On March 7, 2008, Sacred Heart moved for summary dismissal of the Jacksons' suit. It argued that the Jacksons failed to comply with the requirements of RCW 7.70.100: they failed to give notice of their intent to sue; they failed to file a certificate of merit,[2] and they failed to decline arbitration as required by RCW 7.70A.020.[3] The court concluded that the Jacksons failed to notify Sacred Heart of their intent to sue and granted Sacred Heart's motion to dismiss:
The statute [2007 version of RCW 7.70.100] clearly requires written notice of the intention to commence the action. It does not provide any exception for matters in which the parties have had previous discovery, mediation or other attempts at resolution. It does not allow the Court to infer knowledge or facts or make presumptions as to what the Defendants should have known or expected. The Plaintiff's Offer to Mediate was certainly an indication that Plaintiff believed they had a claim they wished to pursue through mediation and were contemplating a lawsuit, but that was given a year prior to the action being filed. The Plaintiff never gave notice of its intention to file the lawsuit. The statute is clear in its requirements, and the Plaintiff has not met that requirement. The case shall be dismissed based upon RCW 7.70.100.
Clerk's Papers at 449-50.

DISCUSSION
¶ 5 The facts material to this suit are not disputed. The dispute turns, instead, on the meaning and application of RCW 7.70.100. Our review is then de novo. Wright v. Jeckle, 158 Wash.2d 375, 379, 144 P.3d 301 (2006).
¶ 6 The parties brief and discuss the 2007 version of RCW 7.70.100. It requires that the 90-day notice of intent to sue "be given by regular mail, registered mail, or certified mail with return receipt requested, by depositing the notice, with postage prepaid, in the post office addressed to the defendant." RCW 7.70.100(1). The statute became effective on July 22, 2007. See LAWS OF 2007, ch. 119, § 1. The earlier version of the statute only required "ninety days' notice of the intention to commence the action." Former RCW 7.70.100 (2006). This earlier version did not have any specific service or mailing requirements. And on October 19, 2006, the Jacksons served on Sacred Heart's registered agent the proposed summons and complaint. They later filed a summons and complaint on October 17, 2007, and properly served an agent of Sacred Heart on November 8, 2007. The Jacksons argue that their service of the proposed summons and complaint on October 19, 2006, satisfies the notice requirements of RCW 7.70.100. We agree. They had already satisfied the notice of intent to sue required by the 2006 version of RCW 7.70.100. So the 2007 version of the statute is not applicable here.
*1018 ¶ 7 Sacred Heart argues that the Jacksons' personal service of the offer to mediate and proposed summons and complaint on the registered agent for Sacred Heart some 11 months before they filed the lawsuit tolled the statute of limitations but it did not suffice as notice. And under the 2007 version of RCW 7.70.100, Sacred Heart has a point. But when the Jacksons served their proposed summons and complaint, that was not the rule. Former RCW 7.70.100 (2006).
¶ 8 Sacred Heart argues, nonetheless, that it did not "know" if the Jacksons would file suit. An essential question for us is then whether service of the proposed summons and complaint was adequate notice that they would sue. It is. Sacred Heart received a copy of the Jacksons' proposed summons and complaint along with the offer to mediate. Indeed, Sacred Heart's lawyer asked Mr. Jackson at his deposition why they were "suing" Sacred Heart. Mr. Jackson responded that he did not believe his wife got the proper care before surgery.
¶ 9 We then reverse the summary dismissal of the Jacksons' suit and remand to the trial court for further proceedings. In view of this result, we need not reach the Jacksons' constitutional challenges to RCW 7.70.100.
WE CONCUR: SCHULTHEIS, C.J., and KORSMO, J.
NOTES
[1] "The making of a written, good faith request for mediation of a dispute related to damages for injury occurring as a result of health care prior to filing a cause of action under this chapter shall toll the statute of limitations provided in RCW 4.16.350 for one year." RCW 7.70.110.
[2] The certificate of merit requirement was recently struck down as unconstitutional by the Supreme Court in Putman v. Wenatchee Valley Medical Center, 166 Wash.2d 974, 216 P.3d 374 (2009). Neither the certificate of merit nor declaration declining arbitration statute is at issue in the Jacksons' appeal because the trial court did not resolve the case on those grounds.
[3] "(2) A party that does not initially elect to submit a dispute to arbitration under this chapter must file a declaration with the court that meets the following requirements:

"(a) In the case of a claimant, the declaration must be filed at the time of commencing the action and must state that the attorney representing the claimant presented the claimant with a copy of the provisions of this chapter before commencing the action and that the claimant elected not to submit the dispute to arbitration under this chapter." RCW 7.70A.020.