[Nos. 28912-5-III; 29044-1-III.   Division Three.   June 2, 2011.]

ESTHER CORTEZ-KLOEHN ET AL., *Appellants*, v. DAVID MORRISON ET AL., *Respondents*.

*Craig A. Mason*, for appellants.

*Dennis L. Fluegge*; *Mary H. Spillane* and *Daniel W. Ferm* (of *Williams Kastner & Gibbs PLLC*); and *Jeffrey M. Kreutz* (of *Miller Mertens Comfort Wagar & Kreutz PLLC*), for respondents.

¶1 KORSMO, A.C.J. — Esther Cortez-Kloehn and her husband sued two doctors for alleged medical malpractice. The trial court found the action untimely and dismissed. We affirm.

## FACTS

¶2 Dr. David Morrison and Dr. Leandro Cabanilla performed medical treatment on Ms. Cortez-Kloehn in late 2005 and early 2006. Dr. Morrison performed a diagnostic laparoscopy in October 2005. Ms. Cortez-Kloehn subsequently suffered a painful infection and had to undergo additional surgeries, the last of which occurred February 1, 2006. Portions of both intestines were removed, resulting in Ms. Cortez-Kloehn not digesting food normally. She requires vitamins and is at constant risk of dehydration.

¶3 She retained counsel in 2007. The firm she hired went defunct, but one of the attorneys continues to represent her. The attorney's paralegal stated that she sent an "RCW 7.70.100" notice to the doctors in August 2007. Clerk's Papers (CP) at 8. The doctors deny receiving any request to mediate.

¶4 Ms. Cortez-Kloehn and her husband (plaintiffs) filed suit against the doctors on October 14, 2009. In late November 2009, they sent letters to the doctors that included an offer to mediate. The doctors filed a motion for summary judgment on December 30, 2009, alleging that the statute of limitations had lapsed. The court heard oral argument on the motion and granted it February 5, 2010. The court ruled that the plaintiffs had not established that they served a mediation demand. They sought reconsideration and presented draft letters to the doctors. The trial court denied reconsideration and the plaintiffs appealed.

¶5 After filing the appeal, the plaintiffs refiled their complaint in superior court. The trial court dismissed that action and the plaintiffs again appealed to this court. The two appeals were consolidated.

## ANALYSIS

¶6 The plaintiffs present two primary claims, arguing that there was a material question of fact about whether they served notices of mediation on the doctors in 2007 and that the statute of limitations for medical malpractice is actually four years. We will address the claims in the reverse order.

¶7 *Statute of Limitations.* The plaintiffs argue that the statute of limitations is actually four years and that, thus, the late 2009 request for mediation made the filing (retroactively) timely. This argument runs afoul of the plain language of the statute.

¶8 The statute of limitations for medical malpractice actions is found in RCW 4.16.350(3), which states in part that such actions "shall be commenced within three years of the act or omission alleged to have caused the injury or condition, or one year of the time the patient . . . discovered that the injury or condition was caused by said act or omission."

[1-4] ¶9 Statutes are construed in accordance with well settled principles. The purpose of statutory construction is to give effect to the meaning of legislation. *Roberts v. Johnson*, 137 Wn.2d 84, 91, 969 P.2d 446 (1999). Statutes that are clear and unambiguous do not need interpretation. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003).[1] "Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous." *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996). Construction of a statute is a question of law, which an appellate court reviews *de novo. Cosmopolitan Eng'g Grp., Inc. v. Ondeo Degremont, Inc.*, 159 Wn.2d 292, 298, 149 P.3d 666 (2006).

---

[1] "Where a statute is unambiguous, the court assumes the legislature means what it says and will not engage in statutory construction past the plain meaning of the words." *In re Estate of Jones*, 152 Wn.2d 1, 11, 93 P.3d 147 (2004) (citing *Davis v. Dep't of Licensing*, 137 Wn.2d 957, 963-964, 977 P.2d 554 (1999)).

¶10 The plaintiffs argue that a different statute, RCW 7.70.110, creates a four year limitations period for medical malpractice actions. There are several problems with this argument. The first difficulty is that a statute is not construed by looking to the language of a different statute. RCW 4.16.350 is denominated as the statute of limitations for bringing a medical malpractice action, and that is the sole subject matter of the statute. RCW 7.70.110 cannot be used to construe RCW 4.16.350.

¶11 The remaining difficulties with that argument are found in the language of RCW 7.70.110 itself:

> The making of a written, good faith request for mediation of a dispute related to damages for injury occurring as a result of health care prior to filing a cause of action under this chapter shall toll the statute of limitations provided in RCW 4.16.350 for one year.

¶12 This language confirms that the health care statute of limitations is found in RCW 4.16.350, which establishes a three year period. This language also clearly states that a good faith request "shall toll" the period of limitation for one year. In effect, the tolling caused by a timely request for mediation will create a four year period within which to file suit, but this statute does not create a four year statute of limitations. The three year period can be extended by this provision, but it will not revive a period that has already expired because there would be nothing to toll.[2]

¶13 RCW 7.70.110 is a tolling provision. *Morris v. Swedish Health Servs.*, 148 Wn. App. 771, 776, 200 P.3d 261 (2009), *review denied*, 170 Wn.2d 1008 (2010). It is not a statute of limitations. The statute of limitations is three years, not four. RCW 4.16.350(3). The trial court correctly rejected the argument that there was actually a four year

---

[2] The appropriate analogy is to a basketball team entitled to a one minute time-out. If the time-out is called during the game, the game clock is stopped for one minute and the game will resume after the time-out, with the time remaining on the game clock to be played. If the team waits until the game has ended, the time-out is of no value because the game is over and the time-out cannot bring the game back to life.

statute of limitations brought about by the November 2009 mediation request.

¶14 *August 2007 Mediation Requests.* The plaintiffs strenuously argue that there is a factual question whether or not they made mediation requests in 2007, thus entitling them to an additional year to file the malpractice action. The trial court, not the jury, decides that issue. The trial judge was not convinced by their evidence that the requests had been made, and we are not in a position to reweigh that evidence and find otherwise.[3]

¶15 The statute of limitations is an affirmative defense that must be proved by the defendant. *Haslund v. City of Seattle*, 86 Wn.2d 607, 620-621, 547 P.2d 1221 (1976). A plaintiff asserting an exception to the statute of limitations, however, bears the burden of proving that a tolling provision applies. *Cannavina v. Poston*, 13 Wn.2d 182, 190-191, 124 P.2d 787 (1942) (recognizing the burden of proof rests on a party asserting partial payment as a rationale to toll the statute of limitations); *State v. Walker*, 153 Wn. App. 701, 707, 224 P.3d 814 (2009) (State bore burden of establishing exception to statute of limitations).

¶16 Juries, where requested, find the facts underlying a case and render a verdict based upon their determinations. RCW 4.44.090.[4] Judges have the obligation to determine the legal questions presented by the case, as well as to make the factual determinations required to answer the legal question. RCW 4.44.080.[5] For instance, whether a case was filed within the statute of limitations period is normally a question of law to be determined by a judge. *E.g., Rivas v.*

---

[3] In light of our conclusion, we do not address issues such as whether the 2009 requests to mediate were valid because litigation already had been filed and whether any of the requests were good faith offers to mediate or merely efforts to toll the limitation period.

[4] "All questions of fact other than those mentioned in RCW 4.44.080, shall be decided by the jury, and all evidence thereon addressed to them."

[5] "All questions of law including the admissibility of testimony, the facts preliminary to such admission, and the construction of statutes and other writings, and other rules of evidence, are to be decided by the court, and all discussions of law addressed to it."

*Overlake Hosp. Med. Ctr.*, 164 Wn.2d 261, 267, 189 P.3d 753 (2008).[6] Similarly, whether service is accomplished is a pretrial determination for the trial judge. *E.g., Jackson v. Sacred Heart Med. Ctr.*, 153 Wn. App. 498, 500, 225 P.3d 1016 (2009) (service of RCW 7.70.100 mediation request); *Gross v. Sunding*, 139 Wn. App. 54, 67, 161 P.3d 380 (2007) (service of process is question of law and issue may not be submitted to jury).

¶17 Whether or not RCW 7.70.100 was complied with also is a question of law for a judge to decide. *Breuer v. Presta*, 148 Wn. App. 470, 475, 200 P.3d 724 (2009), *review denied*, 169 Wn.2d 1029 (2010). Questions of law are reviewed *de novo* on appeal. *Id.*

¶18 The trial court here was required to assess the plaintiffs' argument that they were entitled to toll one year of the statute of limitations because of mediation requests filed in 2007. To make that legal determination, the trial court first had to find as a matter of fact that requests had been made. The plaintiffs failed to show that they had made the requests.

¶19 At the time of the summary judgment, the plaintiffs relied upon affidavits from their attorney and his paralegal. The paralegal indicated that "[o]n or about August 6, 2007, I mailed notices, drafted by Craig Mason, to Dr. David Morrison and to Dr. Leandro Cabanilla, that were RCW 7.70.100 and RCW 7.70.110 notices in the same letter." CP at 8. She also averred that she believed the notices were sent by both certified and regular mail but, without having the correspondence file, "I cannot be certain. I am certain

---

[6] *Rivas* noted an exception for instances where the question of the accrual of the cause of action was related to the conduct of the alleged tortfeasor. 164 Wn.2d at 267-268. In *Rivas*, the question of whether the plaintiff was temporarily rendered incompetent by complications from the surgery, thus delaying the start of the statute of limitations period, was a factual question left to the jury. The cases cited by *Rivas* also involved factual questions about whether the alleged tortfeasor prevented the plaintiff from discovering she had a cause of action, thus tolling the limitations period: *John Doe v. Finch*, 133 Wn.2d 96, 942 P.2d 359 (1997) (whether defendant prevented plaintiff from learning of tortious affair), and *Duke v. Boyd*, 133 Wn.2d 80, 942 P.2d 351 (1997) (whether doctor concealed negligence from patient).

the notices went out to the doctors." CP at 9. The affidavit of the plaintiffs' attorney states that he drafted letters and directed they be mailed, and that it was important they be done because he was leaving the firm and "I wanted to make certain that I protected Ms. Kloehn's (sic) with a four-year statute of limitations." CP at 13. The defendants stated that they received no such letters. CP at 118, 132.

¶20 Because both parties apply CR 5(b)(2) proof of service by mail standards to the question of whether a request was made under RCW 7.70.110, we will assume for purposes of this appeal that those standards apply in this context. CR 5(b)(2)(B) provides a standard for proof of service of by mail:

> Proof of Service by Mail. Proof of service of all papers permitted to be mailed may be by written acknowledgment of service, by affidavit of the person who mailed the papers, or by certificate of an attorney. The certificate of an attorney may be in form substantially as follows:

> CERTIFICATE

> I certify that I mailed a copy of the foregoing _____ to [*John Smith*], [*plaintiff's*] attorney, at [*office address or residence*], and to [*Joseph Doe*], an additional [*defendant's*] attorney [*or attorneys*] at [*office address or residence*], postage prepaid, on [*date*].

> _____
> [*John Brown*]
> Attorney for [*Defendant*] William Noe

(Alterations in original.)

¶21 The parties debate the degree to which the paralegal's affidavit satisfies the rule standards. While that debate is largely irrelevant, we do agree with the defendants' contention that the affidavit did not identify the addresses to which the notice was sent or indicate that the

postage was prepaid.[7] Another shortcoming of the certificate is that the document also was not attached. It also is irrelevant whether or not a presumption of mailing arose from the affidavit, as plaintiffs allege. A presumption is only an evidentiary tool that must give way in the light of evidence. *In re Marriage of Akon*, 160 Wn. App. 48, 62, 248 P.3d 94 (2011).

¶22 The bottom line is that the trial judge was not convinced that the documents were ever mailed. This court does not have the authority to reweigh evidence. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 575, 343 P.2d 183 (1959). Accordingly, an appellate court also is not in a position to find persuasive that which a fact finder found unpersuasive. *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 717, 225 P.3d 266 (2009), *review denied*, 168 Wn.2d 1041 (2010). The trial court's determination was understandable. It was told that a document, described solely as "an RCW 7.70.110 offer of good faith mediation," was mailed but never received. No copy of the document was ever produced; there was no basis from which the judge could consider whether it constituted a mediation request. In these circumstances, we understand why the court did not believe a mailing occurred.

¶23 Nor would the answer change if the draft letters, produced for reconsideration, were considered.[8] The draft letters do not provide any evidence that they were mailed. The fact that incomplete *draft* letters exist, but completed, final copies do not, also suggests that the letters were never completed and mailed. Finally, the draft letters run afoul

---

[7] The paralegal's certificate also is conclusory rather than evidentiary in several regards. Rather than recite facts, it also recites statements of intent and legal conclusions. We have disregarded those aspects of the affidavit. *Klossner v. San Juan County*, 93 Wn.2d 42, 44-45, 605 P.2d 330 (1980).

[8] We do not know if the trial court considered them or not. Defendants convincingly argue that they do not constitute newly discovered evidence because they were available (appellants' counsel referenced their existence at summary judgment) but simply not produced for the summary judgment. *Morinaga v. Vue*, 85 Wn. App. 822, 831, 935 P.2d 637, *review denied*, 133 Wn.2d 1012 (1997); *Adams v. W. Host, Inc.*, 55 Wn. App. 601, 608, 779 P.2d 281 (1989). Newly obtained is not newly discovered.

of our ruling in *Breuer.* Each letter contains the same language:

> This is an excellent case for mediation, and we offer to attend such mediation in good faith, and in hopes of an amicable solution.

CP at 32, 34. An offer to attend mediation is not a request for mediation. Rather, it simply expresses a willingness to act. *Breuer,* 148 Wn. App. at 475-476. The language used here is similar to language we found inadequate to amount to a request in *Breuer. Id.* at 474. If the trial court considered these letters, its denial of reconsideration also was correct for the reason that mediation was never requested.

¶24 The trial court understandably was not convinced that a request for mediation was ever mailed to the doctors. The draft copies that were produced did not amount to a request for mediation. The trial court correctly concluded that the plaintiffs did not establish that they had tolled the statute of limitations in 2007. Accordingly, summary judgment was correctly granted.

¶25 The judgment is affirmed.

BROWN and SIDDOWAY, JJ., concur.

Reconsideration denied July 13, 2011.

Review denied at 173 Wn.2d 1002 (2011).