IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

LEENA LYONS,

                Appellant,

        v.

IRINE VAIMAN,

                Respondent.

No. 83736-2-I

DIVISION ONE

UNPUBLISHED OPINION

DÍAZ, J. — Following the dismissal of her medical malpractice claim for failure to meet the statute of limitations, Leena Lyons (Lyons) argues that, pursuant to RCW 7.70.110, the deadline for filing her complaint was extended by one year because her counsel wrote her doctor's office asking to be put in touch with their professional liability carrier. Her doctor disagrees because Lyons did not specifically request mediation, which she asserts is required by the statute. We affirm the dismissal.

## I.    FACTS

Dr. Irine Vaiman (Vaiman) provided Lyons with primary care beginning in May, 2017. Their last visit was on May 18, 2018, and the last prescription refill was on May 30, 2018.

Citations and pin cites are based on the Westlaw online version of the cited material.

Lyons retained counsel, David Williams (Williams). Williams subsequently wrote Vaiman a letter on July 27, 2020, stating:

> I represent Lena Lyons relative to her claim for damages stemming from the continuous negligent failure to appreciate and refer her for work-up of her aortic claudication, beginning in July of 2017 and continuing through at least May of 2018. Please place me in touch with your professional liability carrier.

That was the only written correspondence from Lyons prior to the lawsuit she brought against Vaiman on June 8, 2021, over three years from the last contact she had with Vaiman or her office.

Vaiman moved for summary judgment on statute of limitations grounds. The trial court granted Vaiman's motion for summary judgment, finding that Lyons failed to comply with RCW 7.70.110 because the correspondence did not contain a specific request to mediate, as is required to toll the deadline to file her complaint.

## II.    ANALYSIS

### A. Law

We review a trial court's decision on a summary judgment motion de novo. Merceri v. Bank of N.Y. Mellon, 4 Wn. App. 2d 755, 759, 434 P.3d 84 (2018). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). We may affirm summary judgment on any basis supported by the record regardless of whether the argument was made below. Bavand v. OneWest Bank, 196 Wn. App. 813, 825, 385 P.3d 233 (2016).

The statute of limitations for a medical negligence claim is three years from the date of the act or omission alleged to have caused the injury, or one year from the time the patient discovered or reasonably should have discovered that the injury was caused

2

by the act or omission, whichever is later. RCW 4.16.350(3). "Dismissal of a claim based on statute of limitations is appropriate where there is 'no genuine issue of material fact as to when the statutory period commenced.'" Williams v. Gillies, 19 Wn. App. 2d 314, 317, 495 P.3d 862 (2021) (quoting Young Soo Kim v. Choong-Hyun Lee, 174 Wn. App. 319, 325, 300 P.3d 431 (2013)).

Under RCW 7.70.110, however:

> The making of a written, good faith request for mediation of a dispute related to damages for injury occurring as a result of health care prior to filing a cause of action under this chapter shall toll the statute of limitations provided in RCW 4.16.350 for one year.

Courts "strive to ascertain the intention of the legislature by first examining the statute's plain meaning." Unruh v. Cacchiotti, 172 Wn.2d 98, 113, 257 P.3d 631 (2011) (citing Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002)). When "a statute is not ambiguous, only a plain language analysis of a statute is appropriate." Cerrillo v. Esparza, 158 Wn.2d 194, 201, 142 P.3d 155 (2006) ("'Courts may not read into a statute matters that are not in it and may not create legislation under the guise of interpreting a statute.'") (quoting Kilian v. Atkinson, 147 Wn.2d 16, 21, 50 P.3d 638 (2002)). Courts "assume that the legislature means exactly what it says." Davis v. State ex rel Dep't of Licensing, 137 Wn.2d 957, 964, 977 P.2d 554 (1999) (citations and internal quotation marks omitted).

Like statutes of limitations, exceptions thereto, such as RCW 7.70.110's tolling provision, are strictly construed. O'Neil v. Estate of Murtha, 89 Wn. App. 67, 73, 947 P.2d 1252 (1997) ("[E]xceptions to statutes of limitations are strictly construed, and cannot be enlarged from considerations of apparent hardship or inconvenience.") (internal

quotations and citations omitted); see also Young v. Savidge, 155 Wn. App. 806, 818-19, 230 P.3d 222 (2010) (affirming summary judgment in favor of defendant doctor where plaintiff filed suit just two days after the statute of limitations ran because it requires "strict compliance").

While statute of limitations is an affirmative defense that must be proved by the defendant, it is the burden of a plaintiff asserting an exception to a statute of limitations to prove that a tolling provision applies. Cortez-Kloehn v. Morrison, 162 Wn. App. 166, 172, 252 P.3d 909 (2011) (citation omitted).

In short, "the essential question is whether the writings here requested mediation. RCW 7.70.110 requires 'a written, good faith request for mediation.' Either the writings here satisfy that statutory requirement for a good faith request, as a matter of law, or they do not, as a matter of law. So our review is de novo." Breuer v. Presta, 148 Wn. App. 470, 475, 200 P.3d 724 (2009).

We find that Lyons has not met her burden of proof to show that the July 27, 2020 correspondence met the strict statutory requirement sufficient to toll the statute of limitations.

B. Application of Law to Facts

It is uncontested that Lyons's lawsuit is time-barred unless Lyons demonstrates that RCW 7.70.110 applies. Lyons makes three arguments as to why the tolling provision applies.

First, Lyons argues that RCW 7.70.110 applies because it is "procedurally informal" and requires only an effective written communication of plaintiff's desire to seek mediated settlement. Br. of Appellant at 3-4 (citing Unruh, 172 Wn.2nd at 113). Second,

she argues that "in the real world of medical malpractice claims, 'settlement negotiations' equals 'mediation," and that the insurer/physician would typically request mediation. In other words, it is the customary practice of insurers and their insured to understand such correspondence as a request for mediation. Third, Lyons argues Vaiman and her representative treated the correspondence like a request to mediate, when that representative advised Lyons's counsel that another letter requesting mediation was not necessary. In short, Lyons argues the letter of July 27, 2020 "amounted to" a request for mediation, in practice and effect. Reply Br. of Appellant at 6 (citing Breuer, 148 Wn. App. at 473).

Vaiman also relies on Breuer, 148 Wn. App. at 473, and on Cortez-Kloehn, 162 Wn. App. at 176 to argue that even explicitly stating an intent, desire, or willingness to mediate fails to satisfy RCW 7.70.110's demand for a "written request for mediation," if it does not also contain an express request to mediate. Vaiman additionally argues that a defendant's actions or subjective understanding cannot transform a letter bereft of a written request for mediation into one.

In Breuer, the court provided a plain and ordinary definition of the term "request," as "1: the act of asking for something . . . [or] . . . 2a: an instance of asking for something: an expressed desire." Breuer, 148 Wn. App. at 475 (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1929 (1993)). The court then distinguished between a "willingness to consider mediation," found in the correspondence there, and a "request," holding that the former is "[a]t best . . . an invitation for the defendant physician to request mediation" and does not "amount[] to a request for mediation as a matter of law." Id. at 476.

Unsurprisingly, there is no authority that has considered the exact language used in the July 27, 2020 letter. The letter in question contains three provisions, only the last of which is in any sense an interrogative sentence: it contains a notice of appearance, a claim of negligence, and a request for Vaiman's representative to "place [Lyons's counsel] in touch with [Vaiman's] professional liability carrier."

Lyons claims that request is sufficient and, otherwise, posits a false dichotomy: either nearly any written correspondence between a lawyer and a defendant "amounts to" a request for mediation or this court is simply requiring "magic words." We believe this is a false choice based on the facts of this case.

Here, not only does the word "mediation" not appear in the letter, but there is not even a generalized desire to discuss any sort of third-party settlement discussions. The expressed desire to become connected with an insurance agent is not the same as the specific expressed desire to settle the matter, let alone through a specific form of alternate dispute resolution. It is the latter which supports the legislature's intent in the broader statute. Fast v. Kennewick Pub. Hosp. Dist., 187 Wn.2d 27, 36-37, 384 P.3d 232 (2016) ("One of the stated legislative intents for this policy change was an attempt to 'stabilize health services costs.' Mediation provides an opportunity to settle cases before resorting to litigation, which has the potential to decrease health care costs.") (citations omitted).

Finally, Lyons's assertion that the Supreme Court's interpretation of RCW 7.70.110 in Unruh as "procedurally informal" excuses her failure to expressly request mediation is incorrect. The pertinent issue in Unruh was "whether a request for mediation can toll the statute of limitations when it is not served directly on the defendant." Unruh, 172 Wn.2d at 114. In considering that question, the Supreme Court recognized that RCW 7.70.110

6

does not contain detailed service procedures, unlike a former companion provision, which outlined specific procedures. Id. It was in that context that our Supreme Court called the statute procedurally informal; it did not alter the required content of the written request. Id.

Lyons otherwise provides no authority to support the contention that this court should explore and consider (a) the customary practice of insurers and their insured, or (b) the state of mind of the recipient, to interpret the meaning of an alleged request for mediation. Where a party fails to provide citation to support a legal argument, we assume counsel, like the court, has found none. State v. Loos, 14 Wn. App. 2d 748, 758, 473 P.3d 1229 (2020) (citing State v. Arredondo, 188 Wn.2d 244, 262, 394 P.3d 348 (2017)).

### III. CONCLUSION

Lyons's correspondence was insufficient.

We affirm.

Díaz, J.

WE CONCUR:

Coburn, J.

Bowman, J.