# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49957-6-II |
| Respondent, | (Consolidated with 49997-5-II) |
| v. | UNPUBLISHED OPINION |
| STACIA N. STROOP, | |
| Appellant. | |

SUTTON, J. — Stacia N. Stroop appeals her guilty pleas and sentence for unlawful possession of a firearm and the delivery of methamphetamine entered as part of a global resolution to charges filed in October 2013, May 2015, and July 2016. Stroop claims that her guilty pleas are invalid because the 2016 drug charges were filed after the statute of limitations had expired. Stroop also claims that her counsel was ineffective. We remanded this case for an evidentiary hearing for the superior court to determine whether the statute of limitations was tolled at the time Stroop was charged in 2016.

We now hold that Stroop was notified of the evidentiary hearing because her counsel received notice of the evidentiary hearing, and thus, her right to receive notice of the evidentiary hearing was not violated. Because the record before us does not indicate that Stroop was not present at the evidentiary hearing, we do not reach the issue of Stroop's right to be present. Regarding the initial appeal, we hold that Stroop's guilty pleas were constitutionally valid because the indivisible plea agreement did not require Stroop to plead guilty to a charge filed after the

statute of limitations expired. We further hold that Stroop was not denied effective assistance of counsel because she does not demonstrate how her counsel's recommendation that she take a plea agreement for nearly one-tenth of the potential sentence was deficient. We affirm.

FACTS

Stroop entered a guilty plea that encompassed criminal charges in Clark County. Stroop appeals her convictions. Specifically, Stroop appeals her guilty pleas and sentence for unlawful possession of a firearm and the delivery of a controlled substance—methamphetamine entered as part of a global resolution to charges filed in October 2013, May 2015, and July 2016. On appeal, Stroop argues that the July 2016 charges involved in the plea deal were filed after the statute of limitations had expired. Alternatively, Stroop argues that her counsel was ineffective because he failed to recognize the statute of limitations issue.

We remanded the case to the superior court for an evidentiary hearing, entry of findings of fact and conclusions of law, supplementation of the record on appeal, and supplemental briefing by the parties. We directed the superior court to enter findings of fact and conclusions of law regarding two issues:

> 1. Whether Stroop was not usually and publicly [a] resident within the State of Washington during any period of time from April 3, 2013 until July 13, 2016; and

> 2. Whether the statute of limitations had expired on the charges filed by the State on July 13, 2016 alleging three counts of delivery of a control[led] substance – methamphetamine between February 1, 2013 and April 3, 2013 against Stroop.

Order Remanding for Evidentiary Hearing (Wash. Ct. App. Jan. 18, 2019).

The court held an evidentiary hearing; however, based on an irregularity, we vacated the court's findings of fact and conclusions of law and sent the matter back for a new evidentiary hearing.

The superior court held a second evidentiary hearing and entered the following findings of fact:

1. Up until April 3, 2013, the defendant was usually and publically resident in the State of Washington (WA) because the allegations in cause #16-1-01477-1 (2016 case) were that a confidential reliable informant (CRI) went to the defendant's residence [in] Vancouver, WA, on three separate occasions between February 1, 2013 and April 3, 2013 and made drug purchases from the defendant. These were the basis for the search warrant and subsequent search on April 3, 2013 of the defendants . . . residence, which resulted in charges filed against the defendant on October 17, 2013 in cause #13-1-01928-1 (2013 case) based on drugs and a firearm found within. So on that date, April 3, 2013, the indication is that she was living in WA.

2. Although it is unknown where the defendant was living between April 3, 2013 and December of 2014, giving her the benefit of the doubt, the Court assumes she was still living in the State of Washington.

3. However, on December 23, 2014, the defendant was arrested on a warrant for the 2013 cause number and subsequently made [her] first appearance on December 24, [2014] in Clark County Superior Court. On that date, the defendant indicated to a release interviewer from the Clark County Superior Court, and to the Court itself, that she was residing with her sister, Dawn King, as well as her two year old son . . . in Portland, OR, for the past year. That indicates that [she] had been living in Oregon since December, 2013.

4. Even if that statement alone wasn't enough to convince the Court by a preponderance of the evidence, on that same day she made her first appearance in Clark County Superior Court, December 24, 2014, she was released by the Court on $25,000 bail and signed a release agreement stating that she would continue to live with her sister Dawn King [in] Portland, OR. She even provided a phone number to that extent. On that date, she indicated to the Court she would live there in the State of Oregon, and the Court order confirmed that. And from that date until July 13, 2016, when charges were filed in the 2016 case, there is no indication in the record that the defendant moved or was authorized to live anywhere other than

that Portland, Oregon address. There were no allegations of release violations relating to moving.

5. As such, the Court finds that between December 23, 2013 and July 13, 2016, the defendant was residing in Portland, Oregon with her sister. The evidence in the 2013 case is buttressed by the 2016 file which shows that when the Information was filed charging three counts of Delivery of a Controlled Substance occurring between February 1, 2013 and April 3, 2013, a warrant was not requested, but rather a summons was mailed to her . . . address in Portland, Oregon on July 13, 2016, and she in fact appeared in Clark County Superior Court based on that summons, on July 26, 2016 as directed, and when released, was released to the same Portland, Oregon address.

6. Although a defendant could possibly lie at a pre-trial release hearing as to where they are living, there is no evidence here that this defendant was lying as to that fact. She said she had been previously living in Oregon and would continue to live there. She also responded to the summons sent where she stated she would be living in Oregon.

Supp. CP at 228-30.

The superior court entered the following conclusions of law:

1. Based on the above facts found, the Court finds by a preponderance of the evidence that from December 23, 2014, to July 13, 2016 the defendant was not usually and publically a resident of the State of Washington, but was rather during that time a resident of the State of Oregon.

2. As to the Court of Appeals second question, because that period of time from December, 2014 to July 13, 2016 was excluded from the statute of limitations because she wasn't usually and publically resident within the State of WA, the statute of limitations had not expired when the 2016 case charges were filed.

Supp. CP at 230.

## ANALYSIS

### I. RIGHT TO NOTICE OF AN EVIDENTIARY HEARING

Stroop argues that the superior court violated her right to notice of the evidentiary hearing.[1] We hold that Stroop's right to notice was not violated because her attorney received notice of the hearing and thus, she received notice.

Stroop's counsel received notice of the evidentiary hearing because he was present at the evidentiary hearing and signed the superior court's findings of fact and conclusions of law. Notice to counsel is notice to the client. *Sweeny v. Sweeny*, 43 Wn.2d 542, 548, 262 P.2d 207 (1953). Accordingly, Stroop's right to notice was not violated.

### II. RIGHT TO BE PRESENT

Stroop argues that the superior court violated her right to be present by holding an evidentiary hearing in her absence. Because the record before us does not indicate that Stroop was not present at the evidentiary hearing, we do not reach the issue of Stroop's right to be present.

Here, following the second evidentiary hearing, the superior court entered findings of fact and conclusions of law. Nothing in the findings of fact and conclusions of law for the second evidentiary hearing indicates that Stroop was not present at the second evidentiary hearing. While Stroop argues that her right to be present at the evidentiary hearing was violated, her citation to

---

[1] We note that Stroop's citation to the record to support this argument references the first evidentiary hearing and not the second. *See* Second Supp. Br. of Appellant at 2 (citing VRP (April 9, 2019) at 8).

the record to support this argument references the *first* evidentiary hearing and not the second. *See* Second Supp. Br. of Appellant at 4 (citing VRP (April 9, 2019) at 9-19).

Because the record before us does not indicate that Stroop was not present at the evidentiary hearing, we do not reach the issue of Stroop's right to be present.

### III. VALIDITY OF THE GUILTY PLEAS

Stroop argues that under the Fourteenth Amendment to the United States Constitution, her guilty pleas are invalid because the drug charges were improperly filed after the statute of limitations had expired. U.S. CONST. amend. XIV. Stroop argues that the drug charges alleged that she delivered methamphetamine on three occasions prior to April 3, 2013, and the information filed on July 13, 2016, was filed more than three years after the commission of the last offense. The State argues that Stroop's guilty pleas were not invalid because the statute of limitations had not run prior to the filing of the charges under the 2016 cause number because Stroop lived out of Washington for over a year between 2013 and 2014, she had a warrant for her felony arrest, she was known to be in Oregon, she was actively avoiding apprehension by police, and she was not "usually and publicly resident within this state" under RCW 9A.04.080(2).[2] We agree with the State and hold that Stroop's guilty pleas are valid.

We review allegations of constitutional violations de novo. *State v. Lynch*, 178 Wn.2d 487, 491, 309 P.3d 482 (2013). The voluntariness of a guilty plea may be raised for the first time on appeal. *State v. Mendoza*, 157 Wn.2d 582, 589, 141 P.3d 49 (2006). "The State bears the burden of proving the validity of a guilty plea." *State v. Ross*, 129 Wn.2d 279, 287, 916 P.2d 405 (1996).

---

[2] The legislature amended RCW 9A.04.080 in 2017. Laws of 2017, ch. 125 § 1. Because these amendments are not relevant here, we cite to the current version of this statute.

The State may not file criminal charges after the expiration of the applicable statute of limitations. RCW 9A.04.080(1)(i). A drug offense may not be prosecuted "more than three years after its commission." RCW 9A.04.080(1)(i).

Delivery of methamphetamine is a class B felony. RCW 69.50.401(2)(b).[3] Under RCW 9A.04.080(1)(i) any felony not explicitly listed in that statute may not be prosecuted more than three years after its commission. Under RCW 9A.04.080(2), the statute of limitations does not run "during any time when the person charged is not usually and publicly resident within this state." "Tolling occurs during such an absence regardless of whether the defendant was absent for the purpose of avoiding authorities, even when the State knew of the defendant's whereabouts." *State v. Willingham*, 169 Wn.2d 192, 194, 234 P.3d 211 (2010).

Here, a warrant for Stroop's arrest for delivery of methamphetamine was filed on October 17, 2013. Stroop was arrested on December 23, 2014. Stroop resided outside the State of Washington, in Portland, Oregon, between December 2013 and July 2016. On July 13, 2016, the State charged Stroop with three counts of delivery of methamphetamine "between February 1, 2013, and April 3, 2013." CP at 160.

Under RCW 9A.04.080(2), the statute of limitations was tolled for the period of time in which Stroop lived in Oregon which means that time is excluded from the calculation of the statute of limitations time period. Six months expired between April 2013, when Stroop delivered the methamphetamine, and October 2013, when a warrant was issued for her arrest. 19 months expired between December 2014, when Stroop was arrested, and July 2016, when the information was

---

[3] The legislature amended RCW 69.50.401 in 2019. Laws of 2019, ch. 379 § 2. Because these amendments are not relevant here, we cite to the current version of this statute.

filed. 6 months and 19 months add up to 25 months. RCW 9A.04.080(1)(i) requires that drug related felonies be prosecuted within three years, or 36 months. 25 months is less than 36 months. Therefore, the indivisible plea agreement did not involve charges improperly filed after the expiration of the applicable statute of limitations.

Thus, Stroop's procedural due process rights were not violated by entering the guilty pleas and her argument on this basis fails.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Stroop next argues that she was denied effective assistance of counsel because her attorney failed to research the relevant law and provided erroneous legal advice by encouraging her to take the plea agreement. The State argues that her counsel was not ineffective for failing to raise a motion on which he would not succeed. We agree with the State and hold that Stroop's counsel was not ineffective.

To prevail on an ineffective assistance of counsel claim, a defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. McFarland*, 127 Wn.2d 322, 334–35, 899 P.2d 1251 (1995). Our scrutiny of counsel's performance is highly deferential; there is a strong presumption of reasonableness. *McFarland*, 127 Wn.2d at 335. To establish prejudice, a defendant must show a reasonable probability that the outcome of the trial would have differed absent the deficient performance. *State v. Grier*, 171 Wn.2d 17, 34, 246 P.3d 1260 (2011). If a defendant fails to establish either deficiency or prejudice, the ineffective assistance of counsel claims fail. *Strickland*, 466 U.S. at 687.

8

Stroop claims that her attorney provided incorrect advice that prompted her to accept a global resolution without an understanding of the charges she faced. The State offered Stroop a plea agreement for 20 months in prison. Stroop's attorney recommended she take the plea agreement because the alternative sentence that she could be facing if she went to trial was 15-17 years. It is more than understandable that an attorney would recommend to his or her client to take the plea agreement for a sentence that is nearly one-tenth of the potential sentence she could receive at trial.

Thus, Stroop's ineffective assistance of counsel claim fails because she does not demonstrate how her counsel's recommendation that she take a plea agreement for nearly one-tenth of the potential sentence was deficient. We hold that Stroop was not denied effective assistance of counsel and we affirm her convictions.

CONCLUSION

We hold that Stroop was notified of the evidentiary hearing. Because the record before us does not indicate that Stroop was not present at the evidentiary hearing, we do not reach the issue of Stroop's right to be present. We also hold that Stroop's guilty pleas were constitutionally valid because the indivisible plea agreement did not require Stroop to plead guilty to a charge filed after

the statute of limitations expired. We further hold that Stroop was not denied effective assistance of counsel because she does not demonstrate how her counsel's recommendation that she take a plea agreement for nearly one-tenth of the potential sentence was deficient. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

MELNICK, J.